**Richmond**

LARRY DEAN BURCHETTE

v.

COMMONWEALTH OF VIRGINIA

No. 0765-91-2

Decided December 15, 1992

COUNSEL

John W. Luxton; Anthony G. Spencer (Morchower, Luxton & Whaley, on briefs), for appellant.

Margaret Ann B. Walker, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**COLEMAN, J.**—Larry Dean Burchette was convicted in a bench trial of violating Code § 18.2-248 by possessing marijuana with the intent to distribute it. The trial judge sentenced Burchette to twenty years imprisonment, all of which was suspended on condition that he serve six months in jail and thereafter be on supervised probation. Burchette contends that the evidence was insufficient to prove that he possessed the marijuana. We agree and reverse his conviction.

■ When the Commonwealth is required to prove beyond a reasonable doubt that an accused possessed illicit drugs by establishing constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the substance and that it was subject to his dominion and control." *Drew v. Commonwealth*, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (citation omitted). Proof of constructive possession necessarily rests on circumstantial evidence; thus, " 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.' " *Garland v. Commonwealth*, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983) (quoting *Carter v. Commonwealth*, 223 Va. 528, 532, 290 S.E.2d 865, 867 (1982)).

Viewing the evidence in the light most favorable to the Commonwealth and according it all reasonable inferences fairly deducible therefrom, as we must on appeal, *see Garland*, 225 Va. at 184, 300 S.E.2d at 784, we find that the evidence was insufficient, as a matter of law, to prove that Burchette possessed or knowingly exercised dominion and control over the marijuana that was found in his parked vehicle.

Larry Dean Burchette left his residence in Richmond mid-afternoon and drove away in one of his two vehicles that were parked in front of his home. The other vehicle remained parked and locked at Burchette's residence. Detective Thomas Lloyd, who was investigating Burchette for suspected drug activity, radioed for assistance. Lloyd and officers in three other police vehicles stopped Burchette after he had driven two miles from his home and asked Burchette if they might search his automobile. Burchette consented. The officers found no contraband in the vehicle. When they asked Burchette for permission to search the vehicle parked at his home, he responded that they did not have probable cause to do so.

The officers released Burchette and returned to Burchette's residence, where Lloyd looked through the passenger's window of Burchette's other automobile and saw plastic bags containing a green plant-like material located between the passenger's and driver's seats. Lloyd determined that the doors and trunk of the automobile were locked.

While other officers watched the automobile, Detective Lloyd obtained a search warrant. In the search, the officers found ten sandwich bags containing marijuana between the driver's seat and the console. The officers also found in the glove compartment a holstered .9 mm loaded handgun and a wallet containing Burchette's operator's license and papers with his name on them. A mobile cellular telephone was on the console. A Richmond telephone company cellular phone bill bearing Burchette's name was in the vehicle. A marijuana cigarette was found under the rear seat. From the automobile trunk the officers seized fourteen bags of marijuana, a hand-held scale, scissors, and empty baggies similar to the ones in which the other marijuana was found.

■ Ownership or occupancy of a vehicle or of premises where illicit drugs are found is a circumstance that may be considered together with other evidence tending to prove that the owner or occupant exercised dominion and control over items in the vehicle or on the premises in order to prove that the owner or occupant constructively possessed the contraband; however, ownership or occupancy alone is insufficient to prove knowing possession of drugs located on the premises or in a vehicle. Code § 18.2-250; *Behrens v. Commonwealth*, 3 Va. App. 131, 135, 348 S.E.2d 430, 432 (1986). Furthermore, proof that a person is in close proximity to contraband is a relevant fact that, depending on the circumstances, may tend to show that, as an owner or occupant of property or of a vehicle, the person necessarily knows of the presence, nature, and character of a substance that is found there. *See Gillis v. Commonwealth*, 215 Va. 298, 301-02, 208 S.E.2d 768, 770-71 (1974). However, in order for ownership or occupancy of property or of a vehicle to be sufficient to support the inference that the owner or occupant also possessed contraband that was located on the property or in the vehicle, the owner or occupant must be shown to have exercised dominion and control over the premises and to have known of the presence, nature, and character of the contraband at the time of such ownership or occupancy. *Id.*

Evidence that Burchette owned the parked vehicle from which the drugs were seized and that he walked by it in going from his residence to another vehicle is insufficient to prove that he knew the illegal drugs were in the vehicle. The Commonwealth presented no evidence from which one reasonably could infer that Burchette occupied the vehicle or had exercised dominion over it while the marijuana was present in it. The evidence failed to show either when Burchette may

have used or occupied the vehicle or when or for how long the drugs or paraphernalia had been in it. The evidence failed to show that Burchette was the exclusive or primary operator of the vehicle, or that he possessed a set of keys to the vehicle, or when or by whom the vehicle had been most recently operated or occupied. The circumstances were not such that one reasonably could infer, to the exclusion of other reasonable hypotheses, that Burchette, as the owner of the . vehicle, knew of the presence, nature, and character of the contraband that was found in it.

The Commonwealth argues, however, that in addition to ownership, other facts proved that Burchette recently had occupied the vehicle at a time when one reasonably could conclude that the marijuana was present. The Commonwealth also contends that certain items found in the vehicle that were tied to Burchette were so closely related to the drug culture that the clear inference to be drawn is that, because those items belonged to Burchette, the drugs also belonged to him. The Commonwealth points to the facts that the vehicle was locked, which, it says, tends to show that access was limited to the owner Burchette; that the marijuana was in ten packets in plain view between the driver's and passenger's seats, which tends to show that a recent occupant of the vehicle would have knowledge of the presence, nature, and character of the contraband; that a cellular telephone and handgun belonging to Burchette were in the vehicle, which tends to show Burchette's recent occupancy of the vehicle and show that he owned items frequently used by drug dealers; and that Burchette's wallet containing his driver's license and a recent receipt for a gun purchase and cellular phone bill in his name in the vehicle tend to show that Burchette had been a recent occupant of the vehicle. In addition to these items showing that Burchette had been a recent occupant of the vehicle, the nature of several of the items directly related to Burchette, specifically the handgun and cellular telephone, are commonly associated with drug trafficking and tend to link Burchette to the drugs. Thus, the Commonwealth contends, because the evidence proved that Burchette had been a recent occupant of the vehicle and had exercised recent dominion and control over it, it is reasonable to infer that he knew of the presence, nature, and character of the marijuana in the vehicle and, therefore, knowingly possessed the drugs.

The Commonwealth's argument is based on two assumptions. First, the Commonwealth contends that because the gun receipt and phone bill were recently dated and because Burchette's wallet and driver's

license are items that a person usually carries, these factors prove that Burchette very recently occupied the vehicle. Second, because the handgun and cellular telephone are items frequently used by drug dealers, the fact that these items were in the vehicle and shown probably to belong to Burchette, one could infer that the drugs and paraphernalia also belonged to him.

Initially, we address the issue whether the nature of the items in the vehicle, the handgun and cellular telephone, and the fact that these items frequently are used by drug dealers proves that the marijuana belonged to Burchette. The argument advanced in support of this hypothesis is that because an officer who stops a suspected drug dealer can conduct a limited "pat-down" search for weapons and because police officers know that drug dealers frequently carry handguns, *see Williams v. Commonwealth*, 4 Va. App. 53, 67, 354 S.E.2d 79, 87 (1987) (citing *Michigan v. Summers*, 452 U.S. 692, 702 (1981), and *United States v. Post*, 607 F.2d 847, 851 (9th Cir. 1979)); *Dixon v. Commonwealth*, 11 Va. App. 554, 557, 399 S.E.2d 831, 833 (1991), the fact that a person owns a handgun found in his vehicle is evidence that drugs found in his vehicle belong to him also. It does not follow, however, that because police officers know that drug dealers frequently own guns, cellular telephones, or beepers, Burchette, who owned a handgun and cellular telephone, was a drug dealer and, therefore, he knowingly possessed the marijuana found in his parked vehicle. In essence, the Commonwealth asks us to hold that since most drug dealers carry handguns, most people who carry handguns are drug dealers. We reject the hypothesis.

Next, we consider whether the recently dated phone bill and receipt and the presence of Burchette's wallet and driver's license in the vehicle establish his recent occupancy of the vehicle and his dominion over the drugs and paraphernalia. While relevant, these facts do not establish how recently Burchette may have used or occupied the vehicle or that he did so at a time when the drugs were present. The fact that some of Burchette's personal possessions were found in the vehicle during the search establishes, at most, that he had, at some point in time, been in the vehicle. That evidence does not establish that he had been in the vehicle when the contraband was present. *See Clodfelter v. Commonwealth*, 218 Va. 619, 623, 238 S.E.2d 820, 822 (1977) (evidence that defendant's knife, bracelet, and hairbrush were present in room in which contraband was found was insufficient to show that defendant constructively possessed drugs with knowledge of their

character); *Drew*, 230 Va. at 474, 338 S.E.2d at 846 (defendant's checkbook, bank statement, telephone bill, driver's license, vehicle registration, and credit union voucher were found in house in which large amounts of cocaine were discovered was held insufficient to support conviction for constructive possession). The evidence simply does not exclude the very real possibility that other members of Burchette's family or someone other than Burchette used or had access to the vehicle and had left the drugs there unbeknownst to him. *Compare Gillis v. Commonwealth*, 215 Va. 298, 208 S.E.2d 768 (1974). The evidence of recently dated bills proves only that Burchette probably placed these items in his vehicle after the most recently dated item. The evidence does not exclude every reasonable hypothesis of innocence.

Finally, the evidence that Burchette refused to consent to the search of his parked vehicle, assuming that the refusal was admissible evidence, does not tend to prove that Burchette was exercising dominion and control over the vehicle with knowledge that it contained drugs. His refusal to consent to a search no more establishes the exercise of dominion and control over the contraband in the vehicle than does his ownership of the vehicle, which, as noted, is insufficient to prove constructive possession. Rather than evincing Burchette's guilty knowledge that drugs were in the vehicle, his refusal to consent to a search can be considered as proof of nothing more than that he exercised his constitutional Fourth Amendment right and was unwilling to relinquish this protected personal privacy right.[1]

While it is probable from these facts that the drugs found in Burchette's parked automobile belonged to him, probability of guilt is insufficient to warrant a criminal conviction. *Crisman v. Commonwealth*, 197 Va. 17, 21, 87 S.E.2d 796, 799 (1955). Suspicious circumstances " 'no matter how grave or strong, are not proof of

---

[1] Burchette intimates on brief, although he did not expressly raise the question as an issue on appeal, that it is fundamentally unfair for a trial court to consider a defendant's exercise of his Fourth Amendment rights as evidence to prove an element of the offense or to prove his guilt. His argument is not without legal support. *See Doyle v. Ohio*, 426 U.S. 610, 611 (1976) (use of defendant's exercise of his right to remain silent after receiving *Miranda* warnings violates Due Process Clause of Fourteenth Amendment); *Sulie v. Duckworth*, 864 F.2d 1348, 1356 (7th Cir. 1988), *cert. denied*, 493 U.S. 828 (1989) (use of defendant's post-*Miranda* request for attorney as evidence of his sanity violated defendant's right to due process); *United States v. Valencia*, 773 F.2d 1037, 1042 (9th Cir. 1985) (use as evidence of defendant's refusal to sign a *Miranda* waiver form violates his due process rights, where he subsequently made only exculpatory or innocuous statements).

guilt sufficient to support a verdict of guilty. The actual commission of the crime by the accused must be shown by evidence beyond a reasonable doubt to sustain his conviction.' " *Id.* (quoting *Powers v. Commonwealth*, 182 Va. 669, 676, 30 S.E.2d 22, 25 (1944)). Suspicious circumstances alone are not sufficient to prove knowing possession of a controlled substance. *Id.*

The Commonwealth's evidence failed to establish any link between Burchette and the marijuana found in his vehicle, other than Burchette's ownership of the vehicle. The nature of the other items found in the vehicle that were shown to belong to Burchette, the handgun and cellular phone, did not tie him to the drugs or drug paraphernalia. Those are items frequently found in vehicles where the owner or occupant has no relation to drug trafficking. To the extent that the receipt and phone bill may prove that Burchette recently occupied the vehicle, the evidence did not support an inference that the drugs were in the vehicle at the time. A fact finder reasonably might have inferred that Burchette knew of the presence of the contraband in the vehicle if the evidence had established that he occupied the vehicle at a time when the contraband was also present; however, the evidence simply failed to establish this fact.

Accordingly, because the evidence is insufficient, we reverse the conviction and dismiss the indictment.

*Reversed and dismissed.*

Benton, J., and Fitzpatrick, J., concurred.