COURT OF APPEALS OF VIRGINIA

Present: Judges Willis, Bray and Overton
Argued at Norfolk, Virginia


WILBUR L. MARTIN, JR.

                                MEMORANDUM OPINION[*] BY
v.         Record No. 2861-95-1     JUDGE RICHARD S. BRAY
                                   SEPTEMBER 24, 1996
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
V. Thomas Forehand, Jr., Judge

Wesley A. Murphy for appellant.

Monica S. McElyea, Assistant Attorney General
(James S. Gilmore, III, Attorney General;
Daniel J. Munroe, Assistant Attorney General,
on brief), for appellee.


Wilbur L. Martin, Jr. (defendant) was convicted by a jury of possession of cocaine in violation of Code § 18.2-250 and complains, on appeal, that the evidence was insufficient. We disagree and affirm the judgment of the trial court.

The parties are fully conversant with the record, and we recite only those facts necessary to a disposition of this appeal. Under familiar principles of appellate review, we examine the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. Traverso v. Commonwealth, 6 Va. App. 172, 176, 366 S.E.2d 719, 721 (1988). The jury's verdict will not be

---

[*]Pursuant to Code § 17-116.010 this opinion is not designated for publication.

disturbed unless plainly wrong or without evidence to support it. Id. The credibility of a witness, the weight accorded the testimony, and the inferences to be drawn from proven facts are matters solely within the province of the fact finder. Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989).

On August 29, 1994, Chesapeake Police Officer James E. Jarrett, Jr. observed defendant consuming beer in an "open public area." Jarrett exited his marked patrol car, approached defendant, requested identification, and advised that he intended to issue defendant a summons for drinking in public. Jarrett conducted a "pat[] down" of defendant, "quick[ly] pushing or grabbing . . . [his] clothing" for weapons, without "go[ing] into inner clothing," and discovered neither weapons nor narcotics. Defendant was then "placed" on the "rear seat on the right side" of the police vehicle while a "warrants check" was "run" by Jarrett. Finding no outstanding warrants, Jarrett issued defendant the promised summons and released him.

Moments later, Jarrett, in accordance with his custom, "checked the rear seat by lifting it up and looking in and feeling to make sure nothing ha[d] been dropped off."[1] During

---

[1]Jarrett testified that he "always check[s his] patrol car[] before . . . go[ing] on duty and . . . after somebody has been placed in the back to make sure nothing has been dropped in there," an inspection which includes "lifting [the rear seat] up and looking in and feeling" for objects.

this routine search, Jarrett discovered "a clear plastic baggie," containing six individual packages of crack cocaine, "under the seat between the frame of the vehicle and the seat cushion area" occupied by defendant.  Defendant was immediately again stopped and arrested for the instant offense.

"Possession may be actual or constructive.  Constructive possession exists when 'an accused has dominion or control over the drugs.'  Such 'possession may be proved by "evidence of acts, declarations or conduct of the accused from which the inference may be fairly drawn that he knew of the existence of narcotics at the place where they were found."'"  Castaneda v. Commonwealth, 7 Va. App. 574, 583, 376 S.E.2d 82, 86 (1989) (en banc) (citations omitted).  "Proof of constructive possession necessarily rests on circumstantial evidence; thus, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Burchette v. Commonwealth, 15 Va. App. 432, 434, 425 S.E.2d 81, 83 (1992) (citations omitted).

"Although mere proximity to the drugs is insufficient to establish possession, and occupancy of [a] vehicle does not give rise to a presumption of possession, Code § 18.2-250, both are factors which may be considered in determining whether a defendant possessed drugs." Josephs v. Commonwealth, 10 Va. App. 87, 100, 390 S.E.2d 491, 498 (1990) (en banc) (citations omitted).  "[I]n order for ownership or occupancy . . . of a

vehicle to be sufficient to support [such] inference[,] . . . [the] occupant must be shown to have exercised dominion and control over the premises and to have known of the presence, nature, and character of the contraband at the time of such . . . occupancy."  Burchette, 15 Va. App. at 435, 425 S.E.2d at 83-84 (citation omitted).  However, "[t]he Commonwealth is not required to prove that there is no possibility that someone else may have planted, discarded, abandoned or placed the drugs . . . in the [automobile]."  Brown v. Commonwealth, 15 Va. App. 1, 10, 421 S.E.2d 877, 883 (1992) (en banc).

Jarrett's inspection of the police vehicle immediately prior to his encounter with defendant disclosed no contraband.  Only defendant and Jarrett were thereafter inside the car, and the offending drugs were discovered hidden in the area occupied by defendant.  From such evidence, the jury could conclude that defendant removed the cocaine from his person and placed it beneath the seat cushion, attempting to conceal the drugs from Jarrett.

Accordingly, we affirm the conviction.

Affirmed.