COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judges Benton and Elder
Argued at Richmond, Virginia


TIEONE DEMETRIST THOMAS
                                    MEMORANDUM OPINION[*] BY
v.          Record No. 1618-97-2      JUDGE LARRY G. ELDER
                                         JUNE 16, 1998
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      James B. Wilkinson, Judge

              Susan L. Parrish, Assistant Public Defender
              (David J. Johnson, Public Defender, on
              brief), for appellant.

              (Mark L. Earley, Attorney General; Steven A.
              Witmer, Assistant Attorney General, on
              brief), for appellee.  Appellee submitting on
              brief.


     Tieone Demetrist Thomas (appellant) appeals his conviction

of possession of cocaine in violation of Code § 18.2-250.  He

contends the evidence was insufficient to support his conviction.

 For the reasons that follow, we reverse.

     When considering the sufficiency of the evidence on appeal

in a criminal case, this Court views the evidence in the light

most favorable to the Commonwealth, granting to it all reasonable

inferences fairly deducible therefrom.  See Higginbotham v.

Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  On

review, this Court does not substitute its own judgment for that

of the trier of fact.  See Cable v. Commonwealth, 243 Va. 236,

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

239, 415 S.E.2d 218, 220 (1992). The trial court's judgment will not be set aside unless it appears that the judgment is plainly wrong or without supporting evidence. See Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987).

"[W]here the Commonwealth's evidence as to an element of an offense is wholly circumstantial, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Moran v. Commonwealth, 4 Va. App. 310, 314, 357 S.E.2d 551, 553 (1987) (citation omitted). However, the Commonwealth "'is not required to disprove every remote possibility of innocence, but is instead, required only to establish guilt of the accused to the exclusion of a reasonable doubt.'" Cantrell v. Commonwealth, 7 Va. App. 269, 289, 373 S.E.2d 328, 338 (1988) (citation omitted). "The hypotheses which the prosecution must exclude are those 'which flow from the evidence itself, and not from the imagination of defendant's counsel.'" Id. at 289-90, 373 S.E.2d at 338-39 (citation omitted).

"To convict a person of possession of illegal drugs 'the Commonwealth must prove that the defendant was aware of the presence and character of the drugs and that he intentionally and consciously possessed them.'" Castaneda v. Commonwealth, 7 Va. App. 574, 583, 376 S.E.2d 82, 86 (1989) (en banc) (quoting Andrews v. Commonwealth, 216 Va. 179, 182, 217 S.E.2d 812, 814 (1975)). Possession need not be actual, exclusive, or lengthy in

order to support a conviction under Code § 18.2-250; instead, the statute criminalizes possession of illegal drugs of any duration that is constructive or joint.  See <u>Gillis v. Commonwealth</u>, 215 Va. 298, 302, 208 S.E.2d 768, 771 (1974); <u>Josephs v. Commonwealth</u>, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (<u>en banc</u>).

Constructive possession of illegal drugs may be proven by "'evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the substance and that it was subject to his dominion and control.'" <u>Burchette v. Commonwealth</u>, 15 Va. App. 432, 434, 425 S.E.2d 81, 82 (1992) (quoting <u>Drew v. Commonwealth</u>, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986)).  Neither close proximity to illegal drugs nor occupancy of the premises on which they are found, standing alone, ever amounts to "possession" of such drugs under Code § 18.2-250; however, both are factors that may be considered in determining whether possession occurred in a particular case. See <u>Tucker v. Commonwealth</u>, 18 Va. App. 141, 144, 442 S.E.2d 419, 421 (1994); <u>Castaneda</u>, 7 Va. App. at 583-84, 376 S.E.2d at 87.

We hold that the evidence was insufficient to prove that appellant either actually or constructively possessed the cocaine found in the fifty-dollar bill on the chest of drawers.  Although the circumstantial evidence presented by the Commonwealth raised

a suspicion that appellant placed the bill containing the cocaine on the chest of drawers along with the pile of change, keys, and papers after he arrived at his mother's residence and before he went to sleep, the evidence failed to exclude the reasonable hypothesis that appellant's brother placed the cocaine on the chest of drawers and that appellant had no knowledge of the cocaine's presence when it was discovered by Detective Mabry.

The evidence did not establish appellant was aware of the presence of the cocaine on the chest of drawers at the time of his arrest. The fifty-dollar bill containing the cocaine was located next to a pile of coins, keys, and papers that appellant placed in his pocket after Detective Mabry took possession of the bill. None of appellant's statements or conduct or any other circumstance supports an inference that he knew crack cocaine was concealed inside the bill. Even though the bill was folded in such a way that a person familiar with narcotics would recognize it concealed illegal drugs, appellant did not react when Detective Mabry picked up the bill from the chest of drawers and inspected it. Appellant also took no action when the detective prevented appellant's brother from grabbing the bill. Significantly, no evidence directly established who placed the bill on the chest of drawers or how long it was there, and no evidence proved appellant was personally familiar with illegal drugs. The close proximity of appellant or his personal effects to the bill containing the cocaine, alone, is insufficient to

prove that he knowingly possessed it.  See Clodfelter v. Commonwealth, 218 Va. 619, 623, 238 S.E.2d 820, 822 (1977); cf. Drew, 230 Va. at 473, 338 S.E.2d at 845; Burchette, 15 Va. App. at 437-38, 425 S.E.2d at 85.

Moreover, it is apparent from the record that appellant's brother was both aware of the presence of the cocaine in the bill and actually possessed it, and the circumstantial evidence did not exclude the reasonable hypothesis that his possession of the cocaine was exclusive.  When appellant's brother entered the bedroom and saw the officers, he immediately reached for the bill containing the cocaine.  Appellant, on the other hand, was sound asleep when the officers arrived, and no evidence in the record indicates he was ever awake at a time when the bill containing the cocaine was present on the chest of drawers.  While appellant was not a permanent resident of his mother's residence and arrived only the night before his arrest, appellant's brother lived there and had access to his mother's bedroom, which was where appellant was sleeping.  Appellant's mother testified that "sometimes [appellant's brother] might . . . bring something in there and leave and forget."  Because the circumstantial evidence is equally susceptible to an interpretation that is consistent with appellant's innocence -- that appellant's brother placed the bill containing the cocaine on the chest of drawers and appellant was never aware of its presence before his arrest, the trial court erred when it concluded the Commonwealth proved appellant's

-5-

guilt beyond a reasonable doubt.  See <u>Williams v. Commonwealth</u>, 193 Va. 764, 772, 71 S.E.2d 73, 77 (1952).

For the foregoing reasons, we reverse the conviction of possession of cocaine.

<u>Reversed and dismissed</u>.