COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Fitzpatrick, Judges Bray and Annunziata
Argued at Alexandria, Virginia


COREY ANTON JOHNSON

                                        MEMORANDUM OPINION[*] BY
v.    Record No. 1487-99-3            JUDGE ROSEMARIE ANNUNZIATA
                                            JULY 11, 2000
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
                     Mosby G. Perrow, III, Judge

           Joseph A. Sanzone (Sanzone & Baker, P.C., on
           brief), for appellant.

           Thomas M. McKenna, Assistant Attorney
           General (Mark L. Earley, Attorney General,
           on brief), for appellee.


     Corey Anton Johnson was indicted for possession of cocaine

with the intent to distribute in violation of Code § 18.2-248.

In a bench trial, the court found him guilty as charged and

sentenced him to 10 years in prison and imposed a $2,500 fine.

Five years of the sentence and the entire fine were suspended.

Johnson appeals his conviction, contending the evidence was not

sufficient to convict him.  For the reasons that follow, we

affirm the conviction.

---

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

FACTS

On appeal, the evidence is reviewed in the light most favorable to the Commonwealth, together with all reasonable inferences which may fairly be drawn from it.  See Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997). Johnson occupied a house that was the subject of a search by the Lynchburg Police Department on September 29, 1998.  When Investigator J.L. Hise and a group of his fellow officers arrived, they found Johnson in a room he rented for $200 a month on the upper floor of the house; he was clad only in a pair of shorts, and three other men were present with him.  The four men were individually searched and brought downstairs.  According to Hise, Johnson appeared "extremely anxious" to retrieve a pair of shoes from his room, asking ten or twelve times to be allowed to retrieve the shoes.  The officers searched the upstairs room and found several pairs of shoes there, among which was a pair of Nike tennis shoes in which the officers found a plastic bag containing off-white chunky substances weighing over six grams, later determined to be cocaine.  The street value of cocaine was between $100 and $125 per gram.  Hise presented the shoes to Johnson, who acknowledged they were his.

Johnson denied knowing about the cocaine found in the shoes, and denied being a cocaine user.  He stated that he was unemployed and that the $150 found in his pocket pursuant to a

consensual search was money he had saved.  When asked about the $75 found scattered on the floor of the room, he stated it was from the gambling the men were engaged in before the police arrived.  The police also found a working pager on Johnson's person.  The three men found in Johnson's room denied putting the cocaine in Johnson's shoe.

### CONSTRUCTIVE POSSESSION

> Possession may be actual or constructive.
> Constructive possession may be established
> by evidence of acts, statements, or conduct
> of the accused or other facts or
> circumstances which tend to show that the
> defendant was aware of both the presence and
> the character of the substance and that it
> was subject to his dominion and control.

Logan v. Commonwealth, 19 Va. App. 437, 444, 452 S.E.2d 364, 368-69 (1994) (en banc) (citations omitted).  Constructive possession may be established by circumstantial evidence provided such evidence excludes every reasonable hypothesis of innocence that flows from the evidence.  See Tucker v. Commonwealth, 18 Va. App. 141, 143, 442 S.E.2d 419, 420 (1994); Hamilton v. Commonwealth, 16 Va. App. 751, 755, 433 S.E.2d 27, 29 (1993).  Whether a hypothesis of innocence is reasonable is a question of fact.  See Cantrell v. Commonwealth, 7 Va. App. 269, 290, 373 S.E.2d 328, 339 (1988).

> Ownership or occupancy of . . . premises
> where illicit drugs are found is a
> circumstance that may be considered together
> with other evidence tending to prove that
> the owner or occupant exercised dominion and

> control over the items . . . on the premises in order to prove that the owner or occupant constructively possessed the contraband . . . . Furthermore, proof that a person is in close proximity to contraband is a relevant fact that, depending on the circumstances, may tend to show that, as an owner or occupant of property . . . the person necessarily knows of the presence, nature, and character of a substance that is found there.

Burchette v. Commonwealth, 15 Va. App. 432, 435, 425 S.E.2d 81, 83 (1992) (citations omitted).

Johnson was found in a room that he rented, in which illegal drugs were found in a pair of his shoes. Johnson acknowledged the shoes as his and was anxious to retrieve a pair of shoes before leaving the room. The other individuals found in the room when the police arrived denied putting the cocaine in the shoes, and the trial court accepted their testimony as credible. "The credibility of the witnesses and the weight accorded the evidence are matters solely for the fact finder who has the opportunity to see and hear that evidence as it is presented." Sandoval v. Commonwealth, 20 Va. App. 133, 138, 455 S.E.2d 730, 732 (1995). Furthermore, the trier of fact need not accept an accused's statements and may credit them in whole or in part, or not at all. See Rollston v. Commonwealth, 11 Va. App. 535, 547, 399 S.E.2d 823, 830 (1991). An accused's claims of innocence may be considered mere fabrications to conceal guilt. See id. at 548, 399 S.E.2d at 830. Thus, the

trial court could conclude beyond a reasonable doubt, based on this circumstantial evidence, that Johnson was aware of the presence and nature of the drugs and that he possessed them.

## INTENT TO DISTRIBUTE

Proof of the intent to distribute drugs may also be established by circumstantial evidence, including the quantity of drugs and cash possessed and whether the accused is a drug user. Large sums of money, particularly in small denominations, and the absence of drug paraphernalia supporting personal drug use, have been commonly accepted as factors indicating intent to distribute. See Welshman v. Commonwealth, 28 Va. App. 20, 37, 502 S.E.2d 122, 130 (1998) (en banc). Pagers have also been considered a factor in establishing an accused's involvement in the drug trade. See White v. Commonwealth, 25 Va. App. 662, 668, 492 S.E.2d 451, 454 (1997) (en banc).

Johnson claimed he was not a drug user, yet was found in possession of over six grams of cocaine. He had a pager and $150, although he was unemployed. We find the evidence was sufficient to prove beyond a reasonable doubt that Johnson was guilty of possessing cocaine with the intent to distribute, and affirm his conviction.

Affirmed.

Fitzpatrick, C.J., concurring, in part, and dissenting, in part.

I concur with the majority that the evidence presented supports a finding of guilt for possession of cocaine. However, I do not find the evidence sufficient to prove the intent to distribute cocaine.

The only evidence of intent to distribute was the possession of a pager, approximately $150 in cash found on the appellant, not a "large amount of cash," and appellant's testimony that he did not use drugs. While it is true that intent to distribute may be shown by circumstantial evidence, it is unreasonable to use as the sole basis ordinary items used by people who do not distribute drugs.

This Court has addressed this specific issue in Burchette v. Commonwealth, 15 Va. App. 432, 425 S.E.2d 81 (1992).

> Initially, we address the issue whether the nature of the items in the vehicle, the handgun and cellular telephone, and the fact that these items frequently are used by drug dealers proves that the marijuana belonged to Burchette. The argument advanced in support of this hypothesis is that because an officer who stops a suspected drug dealer can conduct a limited "pat-down" search for weapons and because police officers know that drug dealers frequently carry handguns, . . . the fact that a person owns a handgun found in his vehicle is evidence that drugs found in his vehicle belong to him also. It does not follow, however, that because police officers know that drug dealers frequently own guns, cellular telephones, or beepers, Burchette, who owned a handgun and cellular telephone, was a drug dealer. . . . In essence, the Commonwealth asks us to hold

- 6 -

>that since most drug dealers carry handguns [or pagers], most people who carry handguns [or pagers] are drug dealers. We reject the hypothesis.

Id. at 437, 425 S.E.2d at 84-85 (citations omitted) (emphasis added). Accordingly, I dissent in part.