COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Bumgardner and Senior Judge Overton
Argued by teleconference

SHERMAN C. WHITE, SOMETIMES KNOWN AS
 SHERMAN C. WHITE
                                                    MEMORANDUM OPINION* BY
v.         Record No. 0591-03-2                JUDGE RUDOLPH BUMGARDNER, III
                                                         OCTOBER 28, 2003
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                              Robert W. Duling, Judge

              David M. Gammino for appellant.

              Alice T. Armstrong, Assistant Attorney General (Jerry W. Kilgore,
              Attorney General; H. Elizabeth Shaffer, Assistant Attorney General,
              on brief), for appellee.


      Sherman C. White appeals his convictions of possession of cocaine and marijuana both

with the intent to distribute. He maintains the evidence was insufficient to prove possession of

the drugs. Finding the evidence sufficient to prove he constructively possessed them, we affirm.


      We view the evidence and the reasonable inferences fairly deducible therefrom in the

light most favorable to the Commonwealth. Dowden v. Commonwealth, 260 Va. 459, 467, 536

S.E.2d 437, 441 (2000). Police officers saw the defendant in a Jeep Cherokee about three hours

before they executed a search warrant at the apartment of his girlfriend. They had previously

seen the defendant in the Jeep more than forty times in the last month and a half. When the

police executed the warrant at 6:00 a.m., the Jeep was parked outside the apartment. The

_____

      * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

defendant was in a back bedroom where the police found keys to a Chrysler-make automobile. They were on the dresser next to a pair of glasses, a smoking device, and marijuana. The defendant conceded the marijuana on the dresser was his. The officers also found marijuana in his right front pocket.

The defendant claimed to know nothing about the car keys. He told the officers he had arrived by bus from Danville to visit his girlfriend. The Jeep was not registered to the defendant, and he denied knowing its owner. When told the police had recently seen him in the Jeep, the defendant claimed the owner lived in the apartments. The officer then pressed a button on the key, which activated an alarm in the Jeep and started its engine. When shown a search warrant for the Jeep, the defendant claimed he did know the owner, and he began to pace, sweat, and breathe faster.

The police searched the Jeep. They found crack cocaine, marijuana, about $1,400 cash, digital scales, and a wallet containing the defendant's driver's license. All the items were in a closed compartment, "under the back seat on the driver's side." The police had "to break open the back seat" to find the items and recover them.

The defendant contends someone else could have put the drugs in the car and relies on Burchette v. Commonwealth, 15 Va. App. 432, 425 S.E.2d 81 (1992). Police officers executed a search warrant for Burchette's locked vehicle. They recovered drugs, drug paraphernalia, a loaded handgun, and a wallet containing the defendant's driver's license. This Court reversed the defendant's drug conviction because no evidence established whether he had keys to the car, when he last used the car, whether he had exclusive use of it, and whether he occupied the car when the drugs were present. Id. at 435-36, 425 S.E.2d at 84.

To prove the defendant possessed the cocaine and marijuana found in the Jeep, "the Commonwealth must point to evidence of acts, statements or conduct of the accused or other

facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control." Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984). In the present case, the officers had seen the defendant in the Jeep more than forty times and saw him in it just hours before the search. Though the Jeep was not registered to the defendant, the keys that would start it remotely were on the dresser of his room where he lay. The defendant admitted the marijuana, which was next to the keys, was his. The defendant gave conflicting statements about the Jeep and became visibly nervous when he learned the officers had a warrant to search it. The defendant's driver's license was found with the drugs in a concealed compartment in the back seat that could only be entered with force.

The facts connect the defendant to the Jeep and to the drugs hidden in it. Unlike the facts in Burchette, the only hypothesis flowing from the evidence was that the defendant was in recent possession of the Jeep, was aware of the presence and character of the items hidden in it and that they were subject to his dominion and control. See Goins v. Commonwealth, 251 Va. 442, 467, 470 S.E.2d 114, 130 (1996). Accordingly, we affirm the convictions.

Affirmed.