COURT OF APPEALS OF VIRGINIA

Present:   Judges Benton, Humphreys and Petty
Argued at Chesapeake, Virginia


KELLY EDWARD PATTERSON

MEMORANDUM OPINION[*] BY
v.       Record No. 1685-05-1          JUDGE JAMES W. BENTON, JR.
                                                           JUNE 6, 2006
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Louis R. Lerner, Judge

Ronald L. Smith (Smith & Smith-Ashley, on brief), for appellant.

Stephen R. McCullough, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


The trial judge convicted Kelly Edward Patterson of possession of cocaine.  Patterson

contends that the evidence was insufficient to prove he knowingly and intentionally possessed

cocaine and that the trial judge admitted in evidence a certificate of analysis in violation of

Patterson's constitutional right to confrontation.  We hold that the evidence was insufficient to

support the conviction.

I.

The evidence proved that Patterson drove a car onto the parking lot of a grocery

convenience store.  As he walked from the car to the door of the convenience store, police officers

arrested him on charges unrelated to this appeal.  Searching Patterson, the officers found four

dollars in his pants pocket.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

A police officer searched the car, which was unoccupied. In a change holder located in the dashboard, the officer saw "in plain sight" a "blue type" plastic bag. The officer "picked it up and analyzed it." Based on his training and experience with narcotics, he suspected the bag contained cocaine. Continuing his search, the officer seized a cellular telephone that was on a tray that covered the center console between the front seats. Lifting the tray, the officer looked inside the console and saw a black bag. He opened the bag and saw a substance he suspected to be cocaine.

On the backseat of the car, the officer found a bag containing a camcorder and headphones. He also found a notebook containing bills and documents with information about Patterson. The officer testified that he saw the registration card for the car but did not seize it because it indicated the car was registered to someone other than Patterson.

The trial judge allowed a certificate of analysis of the seized substances into evidence over Patterson's objection that it was hearsay and violated his confrontation right under Crawford v. Washington, 541 U.S. 36 (2004). The certificate of analysis reported that the blue bag contained 2.35 grams of cocaine and the black bag contained 20.46 grams. A police officer estimated the cocaine's value at $700.

At the close of the evidence, Patterson's attorney argued that the Commonwealth did not prove Patterson knew the drugs were in the car. The trial judge denied the motion to strike the evidence. Convicting Patterson of possessing the cocaine, the trial judge ruled as follows:

> The cell phone ties him into . . . possession of the car, if there was any doubt in my mind about no one actually seeing him get out of the car and go in or at least the testimony here today hasn't been. That puts him in the car, along with the records. But then I look to items one and two on the certificate of analysis and I have to draw a conclusion from those two items, given the weight. That's a lot of weight. But given the weight and the fact he doesn't have anymore than four dollars on him, no personal smoking device, no scales, I think it's a stretch for the Commonwealth to find him guilty - - for me to find him guilty of possession with intent. Reduce it to simple possession. Find him guilty.

II.

Patterson contends the Commonwealth did not prove he constructively possessed the cocaine, asserting that the evidence "failed to prove beyond a reasonable doubt that [he] knew the nature and character of the substance found in the vehicle." The Commonwealth responds that Patterson's proximity to the cocaine "in plain sight" and his control over the vehicle sufficiently proved constructive possession.

Knowledge is a necessary element of the crime of possession of a controlled substance. Code § 18.2-250. When the evidence does not prove actual possession of a controlled substance, the Commonwealth can meet its burden of proof through the theory of constructive possession. Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986).

> To support a conviction based upon constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and the character of the substance and that it was subject to his dominion and control."

Id. (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)). "Proof of constructive possession necessarily rests on circumstantial evidence; thus, 'all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence.'" Burchette v. Commonwealth, 15 Va. App. 432, 434, 425 S.E.2d 81, 83 (1992) (quoting Garland v. Commonwealth, 225 Va. 182, 184, 300 S.E.2d 783, 784 (1983)).

The Commonwealth's evidence proved that Patterson drove the car, which was not registered to Patterson, to a convenience store. The car contained a cellular phone, bills, and a notebook belonging to Patterson. In the car were a registration showing another person owned the car and a camcorder not identified as belonging to any person. The officer testified that he first saw the "blue type" bag in the change tray of the car's dashboard. Although he described

the bag as being "in plain view," the officer did not know its contents until he "picked it up and analyzed it." At that point, he knew, based on his "training and experience with dealing with narcotics," that it was cocaine.

The evidence failed to prove that Patterson knew that the bag in the change tray contained cocaine. The other bag of cocaine was inside a compartment and not observable without moving its lid. No evidence tends to show Patterson was aware of its presence. It is true that Patterson was driving the car, but the car was not his. Furthermore, his presence at a convenience store in the car is not a circumstance that raises any inference about his knowledge of the cocaine. "The record contains no evidence of statements or conduct which tend to show that [Patterson] was aware of the presence of cocaine in the [car]." Drew, 230 Va. at 473, 338 S.E.2d at 845.

The trial judge premised his finding of possession on Patterson's proximity in the car to the cocaine. Indeed, this is the only circumstance that potentially could raise an inference of his knowledge. That circumstance, however, is insufficient to support the conviction.

> [O]ccupancy of a vehicle . . . where illicit drugs are found is a circumstance that may be considered together with other evidence tending to prove that the . . . occupant exercised dominion and control over items in the vehicle . . . in order to prove that the . . . occupant constructively possessed the contraband; however . . . occupancy alone is insufficient to prove knowing possession of drugs.

Burchette, 15 Va. App. at 435, 425 S.E.2d at 83; see also Code § 18.2-250 ("Upon the prosecution of a person for [knowingly and intentionally possessing a controlled substance] . . . occupancy of . . . [a] vehicle upon or in which a controlled substance was found shall not create a presumption that such person either knowingly or intentionally possessed such controlled substance."). To prove constructive possession, "the . . . occupant must be shown to have exercised dominion and control over the premises *and* to have known of the presence, nature,

and character of the contraband at the time of such . . . occupancy." Burchette, 15 Va. App. at 435, 425 S.E.2d at 84 (emphasis added).

Patterson does not dispute that he exercised dominion and control over the vehicle when he drove the car to the convenience store. However, that act does not establish he was aware of the presence of the cocaine. Likewise, his ownership of some items in the car does not link him to the cocaine. See id. at 439, 425 S.E.2d at 86 (ruling that the handgun and cell phone in the car belonging to the defendant "did not tie him to the drugs [because] . . . [t]hose are items frequently found in vehicles where the owner or occupant has no relation to drug trafficking").

The Commonwealth argues that "the trial court could properly conclude that some unspecified stranger did not leave valuable and illegal contraband in the car." The concern in this case is not about some "unspecified stranger" but the car's owner. The evidence proved no circumstances from which the trier of fact reasonably could have inferred, to the exclusion of other reasonable hypotheses, that Patterson, the user of the vehicle, knew of the presence, nature, and character of the cocaine that was found in it. Id.

In Brown v. Commonwealth, 15 Va. App. 1, 9, 421 S.E.2d 877, 883 (1992), this Court stated that "the finder of fact may infer from the value of drugs found on premises owned or occupied by an individual that it is unlikely anyone who is a transient would leave a thing of great value in a place not under his dominion or control." However, in Brown, the prosecution had evidence other than sole occupancy of a car to support its theory that the defendant intentionally possessed the cocaine. The defendant parked the car in a parking lot known for drug distribution. He got out of the car, leaving the engine running and the driver's door open. The police found fourteen empty plastic bags with cocaine residue and scales in the car along with the bag of cocaine. They also found $1,070.69 stuffed in three places on the defendant's person. The defendant acknowledged having used cocaine and knowing its appearance. Id. at

4-5, 421 S.E.2d at 880.  Thus, we held that "the trial court reasonably could have concluded that appellant had consummated drug sales . . . and intended to make a hasty departure in the [car], left with its motor running and the driver's door open."  Id. at 10, 421 S.E.2d at 883.  In contrast, the circumstances in this case prove nothing more than mere proximity.

For these reasons, we hold that the evidence was insufficient to prove beyond a reasonable doubt that Patterson constructively possessed the cocaine.  Because this holding is dispositive, we need not address the other question Patterson raises on appeal regarding his constitutional right to confrontation.  We reverse the conviction and dismiss the indictment.

Reversed and dismissed.