COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Haley and Powell
Argued at Richmond, Virginia


LAMONE LEWIS

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0813-10-2                      JUDGE CLEO E. POWELL
                                                    APRIL 26, 2011
COMMONWEALTH OF VIRGINIA


                FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                         Buford M. Parsons, Jr., Judge Designate

          Reuben V. Greene (Law Office of Reuben V. Greene, on brief), for
          appellant.

          Joshua M. Didlake, Assistant Attorney General (Kenneth T.
          Cuccinelli, II, Attorney General, on brief), for appellee.


       Lamone Lewis ("Lewis") was convicted of possession of marijuana with the intent to

distribute, in violation of Code § 18.2-248.1.  On appeal, Lewis argues that the evidence is

insufficient because the Commonwealth failed to prove that the marijuana locked inside the

glove compartment of a vehicle that Lewis owned but was not occupying at the time of the

search was subject to his dominion and control and that he was aware of the presence and

character of the substance.  For the reasons that follow, we agree and reverse Lewis's conviction

and dismiss the indictment.[1]

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

        [1] Lewis further asserts that the evidence is insufficient to prove intent to distribute
because the packaging of the marijuana and the cash Lewis possessed are not enough to prove
that the marijuana was not for his personal use as he was employed and could have purchased the
marijuana in individual bags.  Because we find that the evidence is insufficient to prove that he
possessed the marijuana found in his car, we need not address his second assignment of error.
As such, this opinion contains only the facts relevant to the issue of possession.

## I.  BACKGROUND

On June 10, 2009, Detective David Philips of the Richmond Police Department was part of a controlled operation at an apartment complex.  While there, he noticed a parked SUV with all of the windows down.  As he stood next to the SUV and looked inside, he noticed "a strong smell, odor of marijuana."  Detective Philips summoned another officer with a narcotic-sniffing dog.  The dog alerted on the vehicle.

Detective Philips then began searching the vehicle.  As he was doing so, Lewis approached the SUV and was detained by another officer.  Lewis admitted that the vehicle belonged to him.  When Detective Philips attempted to search the glove box, he realized that it was locked.  Lewis then provided the key.  Upon opening the glove box, Detective Philips found twenty-eight individual bags that appeared to contain marijuana.  At this point, Lewis looked down and "muttered something."

The trial court found Lewis guilty of possession of marijuana with the intent to distribute. This appeal follows.

## II.  ANALYSIS

### A.  Standard of Review

> Where the sufficiency of the evidence is challenged after conviction, it is our duty to consider it in the light most favorable to the Commonwealth and give it all reasonable inferences fairly deducible therefrom.  We should affirm the judgment unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it.

Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975).  "This principle requires us to 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom.'"  James v. Commonwealth, 53 Va. App. 671, 675, 674

S.E.2d 571, 579 (2009) (quoting Parks v. Commonwealth, 221 Va. 492, 498, 270 S.E.2d 755, 759 (1980) (emphasis and citation omitted)).

### B. Sufficiency of the Evidence to Prove Constructive Possession

> To support a conviction based on upon constructive possession, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control."

Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)).

> Ownership . . . of a vehicle . . . where illicit drugs are found is a circumstance that may be considered together with other evidence tending to prove that the owner . . . exercised dominion and control over items in the vehicle or on the premises in order to prove that the owner . . . constructively possessed the contraband; however, ownership . . . alone is insufficient to prove knowing possession of drugs located . . . in a vehicle.

Burchette v. Commonwealth, 15 Va. App. 432, 435, 425 S.E.2d 81, 83 (1992) (citing Code § 18.2-250); see also Coward v. Commonwealth, 48 Va. App. 653, 633 S.E.2d 752 (2006).

In Burchette, the evidence proved that Burchette left his residence mid-afternoon and drove away in one of two vehicles that had been parked in front of the dwelling. Id. at 434, 425 S.E.2d at 83. The other locked vehicle remained at Burchette's residence. Id. Officers subsequently stopped Burchette and searched the vehicle that he was driving. Id. Officers found no contraband in that vehicle. Id. When the officers asked for Burchette's permission to search the vehicle at his home, he told police that they did not have probable cause to do so. Id. The officers released Burchette and returned to his home, where they looked inside the locked vehicle and observed "green plant-like material[.]" Id. Police then obtained a search warrant and found ten individual bags of marijuana, a loaded handgun, Burchette's wallet containing his operator's license, a cellular telephone bill bearing Burchette's name, additional papers with Burchette's

name on them, and a cellular telephone. Id. at 435, 425 S.E.2d at 83. More marijuana and distribution equipment were found in the locked trunk. Id.

This Court reversed Burchette's conviction, holding

> [e]vidence that Burchette owned the parked vehicle from which the drugs were seized and that he walked by it in going from his residence to another vehicle is insufficient to prove that he knew the illegal drugs were in the vehicle. The Commonwealth presented no evidence from which one reasonably could infer that Burchette occupied the vehicle or had exercised dominion over it while the marijuana was present in it. The evidence failed to show either when Burchette may have used or occupied the vehicle or when or for how long the drugs or paraphernalia had been in it. The evidence failed to show that Burchette was the exclusive or primary operator of the vehicle, or that he possessed a set of keys to the vehicle, or when or by whom the vehicle had been most recently operated or occupied. The circumstances were not such that one reasonably could infer, to the exclusion of other reasonable hypotheses, that Burchette, as the owner of the vehicle, knew of the presence, nature and character of the contraband that was found in it.

Id. at 435-36, 425 S.E.2d at 84.

More recently, this Court upheld a conviction for constructive possession of marijuana found in the locked glove compartment of a borrowed vehicle that the appellant was driving. Ervin v. Commonwealth, 57 Va. App. 495, 704 S.E.2d 135 (2011). There, appellant was the sole occupant in the vehicle. Id. at 499-500, 704 S.E.2d at 137. When officers approached the stopped vehicle, they noticed the odor of marijuana. Id. at 500, 704 S.E.2d at 137. Appellant gave officers his driver's license but provided no registration, stating simply that the vehicle was not his. Id. Using the key that had been in the ignition, the officers unlocked the glove compartment and found the source of the marijuana odor. Id. The evidence proved that the vehicle, in fact, belonged to another individual who frequently loaned the vehicle to various people, including appellant, her brother, and her sister. Id. At trial, appellant testified that he might be familiar with the smell of marijuana and then clarified, "No, not really. Usually you

- 4 -

can smell like – no, not really. I'm not even going to claim that. Not really." Id. at 501, 704 S.E.2d at 138. A majority of this Court sitting en banc affirmed appellant's conviction based on his sole occupancy of the vehicle for two hours before the traffic stop, his exclusive possession of the key to the locked glove box, the odor of marijuana that was immediately noticeable upon approaching the vehicle, appellant's hesitancy to remove the registration from the glove box, and the trial court's rejection of appellant's testimony as to whether he was familiar with the smell of marijuana. Id. at 505-21, 704 S.E.2d at 140-48.

The facts of Lewis's case are more similar to Burchette than they are to Ervin and, therefore, Burchette controls. Although the presence of the odor of marijuana was present both here and in Ervin, many of the other factors present in Ervin are missing here. In Ervin, the appellant was in the vehicle when the officers smelled marijuana and had had possession of the vehicle for two hours. Here, we have no timeline for when Lewis was last in the vehicle or if he was in fact the last person in the vehicle – much like in Burchette. Though Burchette did not have possession of the key to the vehicle in which the contraband was found and Lewis did, nothing indicates that Lewis had possession of the only key. Also relevant to the holding in Ervin was his apparent reluctance to access the glove compartment where the marijuana was found, whereas here, Lewis was cooperative in providing the key to the glove compartment upon request. Finally, in Ervin, this Court found Ervin's self-serving testimony regarding his knowledge of the smell of marijuana to be significant. Here, we have Lewis muttering, but no one knows what he said. All in all, this case boils down to two facts: 1) that Lewis was the owner of the parked car, and 2) that he had custody of a set of keys to that car. Without more, we find these facts insufficient to prove that Lewis possessed the marijuana.

### III.  CONCLUSION

For the foregoing reasons, we reverse Lewis's conviction and dismiss his indictment.

<u>Reversed and dismissed.</u>