COURT OF APPEALS OF VIRGINIA

Present: Judges Huff,* Causey and White

ALVIN ANTOINNE JOHNSON

v.      Record No. 1964-23-2

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION**
PER CURIAM
JANUARY 21, 2025

FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Bradley B. Cavedo, Judge

(Brendan D. O'Toole; Hannah R. Gourdie; Maureen L. White;
Williams Mullen, on briefs), for appellant.

(Jason S. Miyares, Attorney General; Ryan Beehler, Assistant
Attorney General, on brief), for appellee.


Alvin Antoinne Johnson appeals his convictions for possession of heroin and fentanyl

with the intent to distribute and possession of a firearm while possessing a controlled substance.[1]

He argues that the evidence was insufficient to prove that he constructively possessed the drugs.

After examining the briefs and record in this case, the panel unanimously holds that oral

argument is unnecessary because "the dispositive issue or issues have been authoritatively

decided, and the appellant has not argued that the case law should be overturned, extended,

modified, or reversed." Code § 17.1-403(ii)(b); Rule 5A:27(b). We affirm.

---

* Judge Huff participated in the decision of this case prior to the effective date of his
retirement on December 31, 2024.

** This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Johnson did not appeal a separate conviction for possession of a firearm by a convicted
violent felon.

BACKGROUND

We recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)).  Doing so requires us to "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329 (quoting *Commonwealth v. Perkins*, 295 Va. 323, 324 (2018)).

In February 2022, Officer Benjamin Bertsch drove to the 2600 block of Hull Street in Richmond because of a report that a bald Black male with a red hoodie had committed a carjacking and was last seen running in that area.  When Bertsch arrived at that location, he saw an SUV stop suddenly in the middle of the street.  A Black male holding a red jacket, later identified as Johnson, ran from between two houses and jumped into the back of the SUV.  The SUV drove away with the back door still open.

Bertsch stopped the vehicle.  When Bertsch approached, Johnson was lying across both back seats and moving his arms around underneath his body.  Bertsch removed Johnson from the vehicle and saw a red hooded jacket that had been underneath Johnson.  A loaded firearm was inside the jacket pocket.

Bertsch also found a cinched black bag wrapped inside a white towel under the jacket. Inside the bag was a film cannister, which held a baggie containing nearly 18 grams of a mixture of heroin and fentanyl and a torn lottery ticket with cocaine residue.  Johnson had $478 in small bills in his pockets, as well as razor blades and "a large quantity" of blank lottery tickets.

The Commonwealth's expert on drug distribution testified that the quantity of drugs from the film cannister amounted to 179 individual doses of heroin and fentanyl, which he opined was inconsistent with personal use.  He further testified that many drug dealers cut their drugs with

razor blades and package them inside blank lottery tickets. Finally, he added that drug dealers routinely carry firearms and large amounts of cash in small bills.

Following a bench trial, the trial court convicted Johnson of possession of heroin and fentanyl with the intent to distribute, possession of a firearm while possessing a controlled substance, and possession of a firearm by a violent felon. The court sentenced Johnson to a total of 20 years' imprisonment with 7 years suspended.

ANALYSIS

"On review of the sufficiency of the evidence, 'the judgment of the trial court is presumed correct and will not be disturbed unless it is plainly wrong or without evidence to support it.'" *Ingram v. Commonwealth*, 74 Va. App. 59, 76 (2021) (quoting *Smith v. Commonwealth*, 296 Va. 450, 460 (2018)). "The question on appeal, is whether 'any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Id.* (quoting *Yoder v. Commonwealth*, 298 Va. 180, 182 (2019)). "If there is evidentiary support for the conviction, 'the reviewing court is not permitted to substitute its own judgment, even if its opinion might differ from the conclusions reached by the finder of fact at the trial.'" *Chavez v. Commonwealth*, 69 Va. App. 149, 161 (2018) (quoting *Banks v. Commonwealth*, 67 Va. App. 273, 288 (2017)).

It is unlawful to possess a controlled substance knowingly or intentionally. Code § 18.2-250(A). To convict a defendant under Code § 18.2-250, the Commonwealth must prove actual or constructive possession of a controlled substance. *Yerling v. Commonwealth*, 71 Va. App. 527, 532 (2020). The Commonwealth is not required to prove that the defendant knew he possessed a specific drug, only that he knew he possessed a controlled substance. *Sierra v. Commonwealth*, 59 Va. App. 770, 775 (2012). The Commonwealth may prove constructive possession through evidence that the accused "was aware of both the presence and character of

the substance and that it was subject to his dominion and control." *Yerling*, 71 Va. App. at 532 (quoting *Drew v. Commonwealth*, 230 Va. 471, 473 (1986)). "[O]wnership or occupancy of the premises where the drug is found does not create a presumption of possession" but "may be considered in deciding whether an accused possessed the drug." *Id.*

Johnson does not dispute that he exercised dominion and control over the drugs. He argues only that the Commonwealth failed to prove that he was aware of their presence and character. We disagree. When Bertsch stopped the SUV, Johnson was lying on top of the drugs and was moving his arms around underneath his body. Proximity alone does not prove possession, but it is "a relevant fact" that "may tend to show that . . . the [defendant] necessarily knows of the presence, nature and character of a substance that is found" near him. *Burchette v. Commonwealth*, 15 Va. App. 432, 435 (1992). A reasonable fact finder could infer that Johnson's unusual behavior of lying down in the back seat of a vehicle as it was moving, coupled with his apparent manipulation of items underneath him, demonstrated that he knew the drugs were present and was trying to conceal them.

The items found in Johnson's pockets also support that conclusion. Johnson had cash, a firearm, razor blades, and stacks of blank lottery tickets in his pockets, all of which are associated with drug distribution. In fact, the film container that held the drugs also held a torn lottery ticket. And the Commonwealth proved that the film container held 179 individual doses of heroin and fentanyl, a quantity that was inconsistent with personal use, which permitted a reasonable fact finder to infer the intent to distribute.[2]

---

[2] In *Lunceford v. Commonwealth*, No. 0608-05-1 (Va. Ct. App. Mar. 21, 2006), on which Johnson relies, we held that the possession of drug paraphernalia in combination with *drug residue* did not prove intent to distribute. *Id.*, slip op. at 7-9. But *Lunceford* undermines Johnson's constructive possession argument. There, we held that the Commonwealth proved that the defendant constructively possessed drug residue found inside a microwave when the police arrested him in the kitchen, in part because of the drug paraphernalia in plain sight throughout common areas of the house. *Id.* at 4-6. *See Otey v. Commonwealth*, 61 Va. App. 346, 350 n.3 (2012) ("Although

- 4 -

"[T]he Commonwealth is not required to put on DNA evidence, eyewitness testimony, or obtain a defendant's confession" to prove its case. *Davis v. Commonwealth*, 65 Va. App. 485, 502 (2015). Rather, it is charged with presenting "enough circumstantial evidence such that a reasonable [fact finder] could have rejected a defendant's claim of innocence." *Id.* Ultimately, Johnson's close proximity to the drugs, his suspicious behavior, and the indicia of drug distribution from items found in his pockets constituted sufficient evidence to support the trial court's finding that he constructively possessed the drugs with the intent to distribute them.

Johnson's only challenge to his conviction for possession of a firearm while possessing a controlled substance is that he did not possess a controlled substance. As we have rejected the premise of his argument, it necessarily fails. Accordingly, we affirm Johnson's convictions.

CONCLUSION

For these reasons, the trial court's judgment is affirmed.

*Affirmed.*

---

not binding precedent, unpublished opinions can be cited and considered for their persuasive value. Rule 5A:1(f)."). The evidence for possession is even stronger here than in *Lunceford* because Johnson had drug paraphernalia on his person. And the evidence for distribution is much stronger because Johnson possessed a large quantity of drugs rather than mere residue.