**Alexandria**

REGINALD A. JONES

v.

COMMONWEALTH OF VIRGINIA

No. 0891-92-4

Decided January 25, 1994

COUNSEL

Carol L. Hill, for appellant.

Kathleen B. Martin, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

Opinion

**BENTON, J.**—Reginald A. Jones was convicted by a jury of possession of cocaine in violation of Code § 18.2-250. He contends that the conviction should be reversed because (1) the trial judge erred in allowing a police officer to testify regarding the details of a citizen complaint that gave rise to the stop of the automobile in which Jones was a passenger and (2) the evidence was insufficient to prove that he possessed the cocaine found in the automobile. We conclude that the evidence was insufficient to prove that Jones possessed the cocaine.

A police officer testified, over Jones' objection, that he received from the radio dispatcher a citizen's complaint that two men in a parked automobile were smoking cocaine out of a can. The trial judge instructed the jury that they were not to consider the citizen's complaint as proof that cocaine was being smoked or that Jones smoked cocaine. The judge stated that the complaint was offered only to explain why the officer approached the automobile.

The officer further testified that when he arrived at the place where the citizen saw the automobile it was not there. The officer drove around the area and, approximately five minutes later, saw the automobile in a parking lot a few blocks away. When the officer parked behind the automobile, he saw two occupants. Before the officer left his vehicle, the driver stepped out of the automobile and left the door open. Jones, who was the passenger, did not exit the automobile and did not attempt to leave.

After the officer approached the driver and began to question him, the officer saw a small tray between the passenger and driver seats. On the tray were a toothpick, a package of cigarettes, a lighter, and more than five small rock shaped items, the largest of which was approximately two to three times the size of the "brass head of a pen." The officer testified that he recognized the rocks as cocaine and asked the driver for permission to search the car. After the driver gave permission, the officer asked Jones to exit the automobile. The officer searched the automobile. Underneath the passenger seat where Jones had been sitting, the officer found a soda can that had been bent and had holes in the top. The officer testified that the can had been altered to be used for smoking crack cocaine. Later, laboratory analysis indicated that cocaine residue was on the can and that the rock shaped items were cocaine.

The jury convicted Jones of possession of cocaine and recommended a sentence of fifteen days in jail and a fine of $1,500.

To sustain a conviction for possession of a controlled substance in violation of Code § 18.2-250, the evidence must prove beyond a reasonable doubt that the accused was aware of the presence and character of the controlled substance. *Ritter v. Commonwealth,* 210 Va. 732, 741, 173 S.E.2d 799, 805 (1970). An accused's awareness of the presence of a controlled substance "'may be proved by evidence of acts, declarations or conduct of the accused from which the inference may be fairly drawn that [the accused] knew of the existence of [the controlled substances] at the place where they were found.'" *Hairston v. Commonwealth,* 5 Va. App. 183, 186, 360 S.E.2d 893, 895 (1987) (quoting *People v. Pigrenet,* 26 Ill. 2d 224, 227, 186 N.E.2d 306, 308 (1962)). Evidence merely that the accused was in the proximity of controlled substances is insufficient, however, to prove that the accused was aware of the presence and character of a controlled substance. *Id.*

The evidence proved that the automobile was owned by the driver. No evidence established how long Jones had been in the automobile or that Jones was the person in the automobile when the police received the report. Likewise, no evidence proved that Jones saw the small pieces of cocaine among the other items on the accessory tray on the console or that he recognized the items to be cocaine. The evidence also failed to prove that Jones knew the can with cocaine residue was under the seat where Jones sat.

When the police officer first observed the automobile, he saw nothing to indicate that Jones was using the cocaine. Neither Jones nor the driver made any comments that indicated Jones was aware of the presence or character of the items. Only by drawing an impermissible inference of knowledge from Jones' mere proximity to the pieces of cocaine and the can could the jury have reached its verdict. Accordingly, the evidence was insufficient to prove beyond a reasonable doubt that Jones was aware of the presence and character of the cocaine.

Because the evidence was insufficient to support the conviction, we need not decide whether the trial judge erred in denying Jones' motion to exclude the content of the citizen's complaint.

*Reversed and dismissed.*

Fitzpatrick, J., and Duff, S.J., concurred.