COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Elder and Annunziata
Argued at Salem, Virginia


JAMES JUNIOUS CHANDLER, S/K/A
 JAMES JULIUS CHANDLER
                                    MEMORANDUM OPINION[*] BY
v.          Record No. 0230-94-3    JUDGE ROSEMARIE ANNUNZIATA
                                         MAY 21, 1996
COMMONWEALTH OF VIRGINIA


           FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                    James F. Ingram, Judge

           Mark T. Williams (Williams, Stilwell,
           Morrison, Williams and Light, on brief), for
           appellant.

           Leah A. Darron, Assistant Attorney General
           (James S. Gilmore, III, Attorney General, on
           brief), for appellee.



     Appellant, James Junious Chandler, appeals his conviction

for possession of cocaine in violation of Code § 18.2-250(a).

Appellant contends the evidence was insufficient to support a

conviction based on constructive possession.  We disagree and

affirm.

           "To support a conviction based upon
           constructive possession, `the Commonwealth
           must point to evidence of acts, statements,
           or conduct of the accused or other facts or
           circumstances which tend to show that the
           defendant was aware of both the presence and
           character of the substance and that it was
           subject to his dominion and control.'"


McGee v. Commonwealth, 4 Va. App. 317, 322, 357 S.E.2d 738, 740

(1987) (quoting Drew v. Commonwealth, 230 Va. 471, 473, 338

_____

           [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

S.E.2d 844, 845 (1986)).  Neither proximity to contraband nor presence on the premises where it is found are alone sufficient to establish constructive possession.  E.g., Brown v. Commonwealth, 15 Va. App. 1, 9, 421 S.E.2d 877, 882-83 (1992).  Moreover, proximity and presence, together, are insufficient where the evidence does not show that the defendant's possession was knowing.  See Scruggs v. Commonwealth, 19 Va. App. 58, 61-63, 448 S.E.2d 663, 665-66 (1994) (defendant, owner and driver of car in which drugs found within passenger seat, did not constructively possess drugs because evidence failed to show defendant knew drugs were there); Jones v. Commonwealth, 17 Va. App. 572, 574, 439 S.E.2d 863, 864 (1994) (defendant, passenger in car where drugs found both between passenger and driver seats and under passenger seat, did not constructively possess drugs because evidence failed to show how long defendant had been in car, whether defendant saw drugs between seats, or whether defendant knew of drugs under seat); Nelson v. Commonwealth, 17 Va. App. 708, 711, 440 S.E.2d 627, 628-29 (1994) (defendant, present in hotel room where drugs found, did not constructively possess drugs because drugs not in plain view, no drugs found on defendant, and evidence failed to show how long defendant had been in room).

However, both proximity and presence are factors the trial court may consider in evaluating the totality of circumstances. Lane v. Commonwealth, 223 Va. 713, 716, 292 S.E.2d 358, 360

(1982); Brown, 15 Va. App. at 10, 421 S.E.2d at 883; Castaneda v. Commonwealth, 7 Va. App. 574, 584, 376 S.E.2d 82, 87 (1989). And, "`[k]nowledge . . . may be proved by evidence of acts, declarations or conduct of the accused from which the inference may be fairly drawn that [the accused] knew of the existence of narcotics at the place where they were found.'" Hairston v. Commonwealth, 5 Va. App. 183, 186, 360 S.E.2d 893, 895 (1987) (quoting People v. Pigrenet, 26 Ill. 2d 224, 227, 186 N.E.2d 306, 308 (1962)).

In a case of constructive possession, where the Commonwealth relies wholly on circumstantial evidence to prove a necessary element of the offense, all the necessary circumstances proved must be consistent with guilt and inconsistent with innocence to establish guilt beyond a reasonable doubt. Harrell v. Commonwealth, 11 Va. App. 1, 9, 396 S.E.2d 680, 684 (1990). However, this rule does not require the Commonwealth to disprove every remote possibility of innocence. Cantrell v. Commonwealth, 7 Va. App. 269, 289, 373 S.E.2d 328, 338 (1988), cert. denied, 496 U.S. 911 (1990). The Commonwealth must reasonably exclude only those hypotheses "which flow from the evidence itself, and not from the imagination of defendant's counsel." Id. at 289-90, 373 S.E.2d at 338-39 (quoting Black v. Commonwealth, 222 Va. 838, 841, 284 S.E.2d 608, 609 (1981)). Thus, as appellant concedes, "[t]he Commonwealth is not required to prove that there is no possibility that someone else may have planted, discarded,

abandoned or placed the drugs [where they are found near an accused]." See, e.g., Brown, 15 Va. App. at 10, 421 S.E.2d at 863.

Whether an alternative hypothesis is a "reasonable hypothesis of innocence" is a question of fact. Cantrell, 7 Va. App. at 290, 373 S.E.2d at 339. Unless plainly wrong, a trial court's factual finding is binding on appeal. E.g., Naulty v. Commonwealth, 2 Va. App. 523, 527, 346 S.E.2d 540, 542 (1986). When considering the sufficiency of the evidence on appeal in a criminal case, this Court views the evidence in a light most favorable to the Commonwealth. Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). On review, this Court may not substitute its own judgment for that of the trier of fact. Cable v. Commonwealth, 243 Va. 236, 239, 415 S.E.2d 218, 220 (1992). Instead, the trial court's judgment will not be set aside unless it appears that the judgment is plainly wrong or without supporting evidence. Code § 8.01-680; Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc) (quoting Martin v. Commonwealth, 4 Va. App. 438, 443, 358 S.E.2d 415, 418 (1987)).

Here, the evidence shows that Danville Police Officers Michael Wallace and D. C. Creed responded to a reported dispute involving a firearm at the home of a Mrs. Hicks. When Wallace arrived, appellant and Hicks were outside. Wallace checked both for weapons but found none. He asked appellant to empty his

- 4 -

pockets, but appellant refused to comply. Wallace conducted a pat down search of appellant but felt no weapon. Wallace then looked inside a parked vehicle which belonged to neither appellant nor Hicks and discovered a gun. By that time, Creed had arrived. Wallace exclaimed, "I found a gun," whereupon appellant ran into Hicks' residence. Creed pursued appellant, ordering him to stop four times. Appellant did not comply. Instead, appellant ran into a bathroom and closed the door. Within five to ten seconds, Creed reached the bathroom and opened the door. As the door opened, the toilet flushed. Creed saw appellant standing next to the toilet with his left pants pocket pulled inside out and his pants zipped and buttoned. Creed asked appellant to step back and to display his hands. Appellant complied, and Creed saw appellant neither hold nor drop anything. Upon bending down to look behind the toilet for a weapon, Creed noticed what would prove to be a piece of crack cocaine approximately one-eighth of an inch in diameter. Creed testified that the cocaine rested approximately six inches from appellant's foot on the same side of the floor as the side of appellant's pants which had the pocket pulled inside out.

The evidence is sufficient to support a finding, beyond a reasonable doubt and to the exclusion of a reasonable hypothesis to the contrary, that appellant was aware of both the presence and character of the cocaine and that it was subject to his dominion and control. Appellant fled from Officer Creed,

- 5 -

refusing to stop until he reached the bathroom. Within seconds, Creed found appellant standing next to a flushing commode with his pants zipped and buttoned. One of appellant's pockets was turned inside out, and Creed found cocaine on the floor directly below that pocket, only six inches from appellant's foot.

Contrary to appellant's assertion, this case is readily distinguished from Hairston and Wright v. Commonwealth, 217 Va. 669, 232 S.E.2d 733 (1977). In Hairston, the evidence showed only that the accused held a child whose clothing contained a package of drugs and who had been in the care of three other people for the preceding two and one-half hours. 5 Va. App. at 186, 360 S.E.2d at 895. In Wright, the evidence showed only that the accused sat with another man in a room where the police found drugs. 217 Va. at 670, 232 S.E.2d at 734.

Accordingly, appellant's conviction is affirmed.

<u>Affirmed.</u>

BENTON, J., dissenting.

The Commonwealth had the burden to prove beyond a reasonable doubt that James Chandler possessed the cocaine found by Officer Creed. Because the evidence in this case did not prove that Chandler "was aware of both the presence and character of the substance and that it was subject to his dominion and control," Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986), I would reverse the conviction.

Viewed in the light most favorable to the Commonwealth, Commonwealth v. Grimstead, 12 Va. App. 1066, 1067, 407 S.E.2d 47, 48 (1991), the evidence proved that when Officer Wallace detained Chandler in response to a report that "a female had a gun," Chandler refused Wallace's request to empty his pockets. After the officer frisked him for weapons and walked away, Chandler ran inside a residence. Another officer, Creed, chased Chandler into the bathroom. Officer Creed estimated that he opened the bathroom door five to ten seconds after Chandler entered the bathroom. When Officer Creed entered the bathroom, he heard the toilet flushing and saw that the "water had already [gone] down [and] the bowl was starting to fill back up." Chandler was standing in front of the toilet with his pants zippered and buttoned. One of his pockets was "pulled inside out." Creed asked him to move from the room, searched behind the toilet, and found a small piece of cocaine on the floor.

Possession of cocaine may be actual or constructive. Drew,

230 Va. at 473, 338 S.E.2d at 845. "To support a conviction based upon constructive possession, 'the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the substance and that it was subject to his dominion and control.'" McGee v. Commonwealth, 4 Va. App. 317, 322, 357 S.E.2d 738, 740 (1987)(quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)). The evidence proved that Officer Creed did not observe Chandler possess cocaine or do any act to suggest that he knew the cocaine was on the floor. Only after "ben[ding] down to look behind the toilet to see if [Chandler] might have thrown a weapon behind the toilet," did Officer Creed find the piece of cocaine.

Based on the circumstantial evidence, the trial judge could have inferred that Chandler flushed something down the toilet. However, only by speculation, surmise or conjecture could he have concluded that Chandler dropped the cocaine that Officer Creed found on the floor. "It is, of course, a truism of the criminal law that evidence is not sufficient to support a conviction if it engenders only a suspicion or even a probability of guilt." Smith v. Commonwealth, 192 Va. 453, 461, 65 S.E.2d 528, 533 (1951).

In Virginia it is well established that "[e]vidence merely that the accused was in the proximity of controlled substances is

insufficient" to prove possession.  <u>Jones v. Commonwealth</u>, 17 Va. App. 572, 574, 439 S.E.2d 863, 864 (1994).  Just because Chandler was near the cocaine does not prove beyond a reasonable doubt that he was aware of its presence.  <u>Id.</u>  The evidence also failed to prove that Chandler exercised exclusive dominion or control. The Commonwealth did not present any evidence that the bathroom was free of drugs prior to Chandler's entrance or that Chandler dropped the cocaine.  <u>See</u> <u>Burchette v. Commonwealth</u>, 15 Va. App. 432, 438, 425 S.E.2d 81, 85 (1992).

To sustain a conviction based upon circumstantial evidence, "the evidence must be wholly consistent with guilt and wholly inconsistent with innocence."  <u>Scruggs v. Commonwealth</u>, 19 Va. App. 58, 61, 448 S.E.2d 663, 664 (1994).  Evidence is not wholly inconsistent with innocence where the proof establishes only that the police find a small piece of cocaine on the floor in the same room as the accused.  Such evidence leads only to surmise and conjecture as to who left the cocaine.  "Conviction cannot rest upon [surmise and] conjecture."  <u>Smith</u>, 192 Va. at 461, 65 S.E.2d at 533.  <u>See</u> <u>also</u> <u>Hyde v. Commonwealth</u>, 217 Va. 950, 955, 234 S.E.2d 74, 78 (1977).

Where, as in this case, the evidence amounts to a "mere suspicion," the evidence is insufficient to convict the accused. <u>Garner v. Commonwealth</u>, 186 Va. 600, 613, 43 S.E.2d 911, 917 (1947)(citation omitted).  Therefore, I would reverse the conviction.