COURT OF APPEALS OF VIRGINIA

Present:  Judges Benton, Coleman and Lemons[*]
Argued at Richmond, Virginia


JAMES TYRONE McCRAY

MEMORANDUM OPINION[**] BY
v.    Record No. 0200-99-2          JUDGE JAMES W. BENTON, JR.
                                         MARCH 21, 2000
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
Margaret P. Spencer, Judge

Patricia P. Nagel, Assistant Public Defender
(David J. Johnson, Public Defender, on
brief), for appellant.

H. Elizabeth Shaffer, Assistant Attorney
General (Mark L. Earley, Attorney General,
on brief), for appellee.


The trial judge convicted James Tyrone McCray for possession of cocaine.  See Code § 18.2-250.  On appeal, McCray contends the trial judge erred (1) in permitting joinder of his trial with the trial of a codefendant and (2) in finding the evidence sufficient to prove beyond a reasonable doubt that he possessed cocaine.  For the reasons that follow, we reverse the conviction.

---

[*] Justice Lemons participated in the hearing and decision of this case prior to his investiture as a Justice of the Supreme Court of Virginia.

[**] Pursuant to Code § 17.1-413, recodifying Code § 17-116.010, this opinion is not designated for publication.

McCray and James Gregory were arrested and charged with possession of a piece of crack cocaine that the police found in the center console of Gregory's automobile. Prior to trial, the prosecutor filed a motion to join the trials of McCray and Gregory. In the motion and at the hearing on the motion, the prosecutor asserted that the offenses occurred at the same time and place, that the transaction was the same, that the evidence was the same, and that McCray and Gregory acted in concert in the offense. Opposing the motion, McCray's counsel argued, in part, as follows:

> [T]here is a Bruton [v. United States, 391 U.S. 123 (1968),] issue in this particular case, because we have a statement by [Gregory] that is not otherwise admissible against [McCray] that implicates [McCray]. It's not a declaration against interest, so it is not going to be able to come in, in any other hearsay objection. I think because of the potential Bruton violation, there would be prejudice to [McCray] to be tried at the same time.

Finding "good cause," the trial judge granted the motion. The trial judge ruled, however, as follows:

> There will be no Bruton statements admitted at trial. If the Commonwealth intends to introduce them and an objection is made, the Court will sustain that objection.

At the joint trial, Officer Sybil El-Amin testified that during daylight she saw McCray exchange money with another man as McCray stood beside an automobile. Before entering the

-

passenger side of the automobile, McCray looked in the direction of the officer's marked police vehicle.  The officer drove around the block and then followed the automobile as it moved away.  Seeing "a rejection [inspection] sticker" on the automobile, the officer activated her emergency lights to make a traffic stop.  The officer then "called in" the stop and requested another police unit.  While communicating with her dispatcher, the officer noticed that the upper portion of McCray's body was moving back and forth and side-to-side.

The officer then walked to the passenger side of the automobile and told McCray to exit the automobile.  The officer "pat[ted] him down" and told him to stand at the rear of the automobile.  The officer then spoke to Gregory, who was the driver.  Gregory gave the officer consent to search his automobile.

The officer testified that the automobile had a center console, which "was a bucket" that fit "over the hump in the center of the seat."  She further testified that it was "closer to . . . McCray's side than it was to . . . Gregory's side." During her search, the officer saw six or seven lottery tickets at the bottom of the "center console of the [automobile]." Among those tickets, she found a piece of cocaine about the size of "a pencil eraser" wrapped inside a folded lottery ticket.

The officer did not ask Gregory to whom the lottery tickets belonged.  Gregory "did not say they belonged to him"; however,

-

he did say "he knew who they belonged to."  The trial judge sustained McCray's objection to several statements the officer attributed to Gregory.

After finding the cocaine, the officer directed "the other police unit to place . . . McCray in handcuffs and . . . McCray tried to run."  When the officer took McCray to the police station, she heard McCray tell "Gregory that he better not tell them -- you better not say the drugs are mine."  Although she could not "remember the exact wording," she also heard McCray say "you know what's going to happen if you say -- something to that effect."  She acknowledged that McCray told Gregory "you better not say those drugs were mine, you better not lie on me, things along that line."

The trial judge acquitted Gregory and convicted McCray of possession of the cocaine.  This appeal followed.

II.

"To sustain a conviction for possession of a controlled substance in violation of Code § 18.2-250, the evidence must prove beyond a reasonable doubt that the accused was aware of the presence and character of the controlled substance."  Jones v. Commonwealth, 17 Va. App. 572, 574, 439 S.E.2d 863, 864 (1994).  When the Commonwealth seeks to prove beyond a reasonable doubt that an accused constructively possessed a controlled substance, "the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or

-

circumstances which tend to show that the [accused] was aware of both the presence and character of the substance and that it was subject to his dominion and control."  Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (citation omitted).

Because the Commonwealth relied upon circumstantial evidence, we are governed by the following principles:

> [W]ell established principles apply to testing the sufficiency of circumstantial evidence.  In LaPrade v. Commonwealth, 191 Va. 410, 418, 61 S.E.2d 313, 316 (1950), [the Supreme Court] summarized those principles as follows:
>
> ". . . [I]f the proof relied upon by the Commonwealth is wholly circumstantial, as it here is, then to establish guilt beyond a reasonable doubt all necessary circumstances proved must be consistent with guilt and inconsistent with innocence.  They must overcome the presumption of innocence and exclude all reasonable conclusions inconsistent with that of guilt.  To accomplish that, the chain of necessary circumstances must be unbroken and the evidence as a whole must satisfy the guarded judgment that both the corpus delicti and the criminal agency of the accused have been proved to the exclusion of any other rational hypothesis and to a moral certainty. . . ."
>
> But, circumstances of suspicion, no matter how grave or strong, are not proof of guilt sufficient to support a verdict of guilty. The actual commission of the crime by the accused must be shown by evidence beyond a reasonable doubt to sustain his conviction.

Clodfelter v. Commonwealth, 218 Va. 619, 623, 238 S.E.2d 820, 822 (1977).

-

III.

The evidence proved that the piece of cocaine was wrapped in a lottery ticket that was among other lottery tickets at the bottom of the "console" of Gregory's automobile. No evidence proved that McCray put the cocaine there or was aware of its presence inside the wrapped lottery ticket. Indeed, the officer testified that the cocaine was not in plain view.

Although the officer saw McCray's upper body moving after she stopped Gregory for having a rejection inspection sticker on his automobile, that observation raises only a suspicion that his movement bore a connection to the cocaine. Likewise, McCray's warning to Gregory not to tell a lie establishes no inference that connects McCray to the cocaine.

Although the trial judge acquitted Gregory of the possession of the cocaine found in his automobile, that circumstance did not prove McCray possessed the cocaine. The only evidence that did not require the trial judge to speculate while assessing McCray's guilt or innocence was evidence of opportunity. Yet, it is well established that "mere opportunity to commit an offense raises only 'the suspicion that the defendant may have been the guilty agent; and suspicion is never enough to sustain a conviction.'" Christian v. Commonwealth, 221 Va. 1078, 1082, 277 S.E.2d 205, 208 (1981) (quoting Simmons v. Commonwealth, 208 Va. 778, 783, 160 S.E.2d 569, 573 (1968)).

-

Because we hold that the evidence was insufficient to support McCray's conviction, we need not address the joinder issue.  Accordingly, we reverse the conviction and dismiss the indictment.

<u>Reversed and dismissed</u>.