COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Clements and Senior Judge Hodges
Argued at Chesapeake, Virginia


LORENZO MOORE

                                        MEMORANDUM OPINION* BY
v.    Record No. 2037-99-1              JUDGE WILLIAM H. HODGES
                                           OCTOBER 17, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF YORK COUNTY
                 N. Prentis Smiley, Jr., Judge

         Alice K. Twiford for appellant.

         Kathleen B. Martin, Assistant Attorney
         General (Mark L. Earley, Attorney General, on
         brief), for appellee.


    Lorenzo Moore, appellant, appeals his convictions for

possession of cocaine, in violation of Code § 18.2-250, and

possession of a firearm while in possession of cocaine, in

violation of Code § 18.2-308.4.  Appellant challenges the

sufficiency of the evidence for both offenses.  We conclude the

evidence was insufficient to prove appellant possessed the

cocaine and, accordingly, we reverse the convictions.

                            FACTS

    On December 18, 1998, at 12:40 a.m., State Trooper M.T.

Fisher stopped a rental vehicle for defective equipment.  As

Fisher approached the car, he observed the passenger making

_____
    * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

quick, furtive movements. The driver, appellant, made no movements. When Fisher shined his flashlight into the car, he immediately saw a 9mm firearm on the console between appellant and the passenger. Fisher asked appellant and the passenger to exit the vehicle. When appellant complied, Fisher observed a torn plastic baggie corner with a small piece of suspected crack cocaine on the driver's seat between where appellant's right leg would have been and the console. Fisher described the size and appearance of the cocaine as being like that of half a dime. The baggie and cocaine together were the size of a dime. Fisher testified he immediately recognized the substance to be cocaine, based on his training and experience. He conceded, however, that someone who had no experience with cocaine and its packaging might have mistaken the object for trash. Laboratory analysis proved the substance was cocaine.

Fisher also found a smoking device under the driver's seat, marijuana under the armrest of the console between the front seats, and a loaded magazine for the weapon under the passenger's seat. The passenger produced documentation indicating the gun belonged to him and he claimed possession of the marijuana. Appellant made no statement. The record does not indicate whether the smoking device was for marijuana, crack, or some other substance. Nor did the officer have the pipe tested to determine the source of the burnt residue on the pipe. The officer stated that both occupants had been drinking,

but did not testify that either appeared to be under the influence of any other substances. The rental car was registered to a company, not to appellant or the passenger.

## ANALYSIS

"On appeal, 'we review the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom.'" Archer v. Commonwealth, 26 Va. App. 1, 11, 492 S.E.2d 826, 831 (1997) (citation omitted).

> In reviewing that evidence, however, "we cannot . . . disregard credible, unimpeached evidence of the Commonwealth which exculpates the defendant and creates a reasonable doubt." A conviction based on circumstantial evidence may be sustained only if the evidence, when taken as a whole, excludes every reasonable hypothesis of innocence. Thus, the evidence must be wholly consistent with guilt and wholly inconsistent with innocence.

Scruggs v. Commonwealth, 19 Va. App. 58, 61, 448 S.E.2d 663, 664-65 (1994) (citations omitted).

"To sustain a conviction for possession of a controlled substance in violation of Code § 18.2-250, the evidence must prove beyond a reasonable doubt that the accused was aware of the presence and character of the controlled substance." Jones v. Commonwealth, 17 Va. App. 572, 574, 439 S.E.2d 863, 864 (1994) (citation omitted).

> "To support a conviction based on constructive possession, 'the Commonwealth must point to evidence of acts, statements,

- 3 -

or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control.'"

White v. Commonwealth, 24 Va. App. 446, 452, 482 S.E.2d 876, 879 (1997) (citations omitted).  "Evidence merely that the accused was in the proximity of controlled substances is insufficient, however, to prove that the accused was aware of the presence and character of a controlled substance."  Jones, 17 Va. App. at 574, 439 S.E.2d at 864.

The Commonwealth contends the smoking device found under appellant's seat connects appellant with the cocaine.  We disagree.  The device was not in plain view, and no evidence proved appellant knew it was under the seat or that he had used it.  Appellant made no furtive movements to suggest he put the device under the seat.  Further, the evidence does not prove that the device was used to smoke cocaine.  Therefore, the smoking device does not tie appellant to the cocaine in any way.

The Commonwealth also argues that the trial court could infer appellant's knowledge of the cocaine's presence and character because he was sitting on the cocaine.  However, regardless of whether appellant was seated on or next to the cocaine, it was small enough to go unnoticed.  Even if he knew of its presence, no evidence showed he was aware of its character or that he exercised any dominion and control over it. Fisher candidly testified that someone without experience in

handling cocaine could have mistaken the package for trash.  No evidence proved appellant had any experience with cocaine.

The passenger made the furtive movements and claimed ownership of the gun and the marijuana.  Appellant made no statements, nor exhibited any conduct, and no circumstances existed from which one could infer that he was aware of the presence or character of the cocaine.  Therefore, having failed to exclude reasonable hypotheses of innocence, the evidence does not prove beyond a reasonable doubt that appellant possessed the cocaine.  Finding the evidence insufficient, we reverse the possession of cocaine conviction.  Without the predicate offense of possession of cocaine, we also reverse the conviction for possession of a firearm while in possession of cocaine.

<u>Reversed and dismissed.</u>