COURT OF APPEALS OF VIRGINIA


Present: Judges Benton, Elder and Frank
Argued at Chesapeake, Virginia


WARREN DEWAYNE BRIGHT

MEMORANDUM OPINION[*] BY
v.    Record No. 2794-99-1          JUDGE ROBERT P. FRANK
                                       NOVEMBER 21, 2000
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NEWPORT NEWS
Verbena M. Askew, Judge

Kevin M. Diamonstein for appellant.

Thomas M. McKenna, Assistant Attorney General
(Mark L. Earley, Attorney General, on brief),
for appellee.


Warren D. Bright (appellant) was convicted in a bench trial

of possession of cocaine in violation of Code § 18.2-250. On

appeal, he challenges the sufficiency of the evidence. For the

reasons stated herein, we find the trial court erred in convicting

appellant and we reverse the conviction.

I.  BACKGROUND

Newport News Police Officer James Vollmer was conducting

surveillance in the 1000 block of Twenty-Fourth Street on October

27, 1998 at 9:30 p.m. when he observed appellant, the sole

occupant of a pickup truck, stop in that location. Officer

Vollmer was conducting surveillance at that location because of

---

* Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

"numerous complaints" and drug-related arrests he had made there. He saw appellant get out of the truck and cross the street. At that point, appellant was not in the officer's line of vision. Thirty seconds later, appellant returned to the truck and drove away.

After being contacted by Officer Vollmer, Officer Wachsmuth stopped the truck shortly thereafter for not having a front license plate on the vehicle and a faded temporary permit displayed on the rear.

Officer Wachsmuth asked appellant about the license plates, and appellant told him that his employer had given him the truck a few weeks earlier. Appellant admitted it was his truck. He said he put the temporary plate on the rear because he had not yet obtained permanent plates from the Department of Motor Vehicles. After he finished issuing appellant a traffic summons, Officer Wachsmuth asked for permission to search the vehicle for "any weapons or drugs."

Appellant consented to a search, and Officer Vollmer, who had arrived on the scene, searched the truck. He found "three or four little pieces" of loose crack cocaine on the driver's side of the truck's bench seat. The drugs were found in plain view where the driver sits. More cocaine, described by Officer Vollmer as "crumbs," was found on the floor of the truck on the driver's side doorframe. Nothing was found on appellant's person.

The cocaine appeared to be a "rock" worth twenty dollars, which had been broken up. The larger chunk, "about the size of a piece of rice," was surrounded by the smaller "crumbs," as if the item had been sat upon. Although there was "miscellaneous trash" on the seat, there was no debris on the driver's side where the cocaine was found and appellant was alone in the vehicle when the police stopped him. There was no evidence appellant was nervous, fidgety, or made furtive gestures.

## II. ANALYSIS

When considering the sufficiency of the evidence on appeal in a criminal case, we view the evidence in the light most favorable to the Commonwealth, granting to it all reasonable inferences fairly deducible therefrom. See Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975). "In so doing, we must 'discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences that may be drawn therefrom.'" Cirios v. Commonwealth, 7 Va. App. 292, 295, 373 S.E.2d 164, 165 (1988) (quoting Norman v. Commonwealth, 2 Va. App. 518, 520, 346 S.E.2d 44, 45 (1986) (citation omitted)). The trial court's judgment will not be set aside unless the judgment is plainly wrong or without evidence to support it. Josephs v. Commonwealth, 10 Va. App. 87, 99, 390 S.E.2d 491, 497 (1990) (en banc) (citation omitted).

-

> [P]ossession of a controlled substance may be actual or constructive. See Archer [v. Commonwealth], 225 Va. [416,] 418, 303 S.E.2d [863,] 863 [(1983)]. "To support a conviction based upon constructive possession, 'the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control.'" Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)); see Eckhart v. Commonwealth, 222 Va. 447, 450, 281 S.E.2d 853, 855 (1981).

McGee v. Commonwealth, 4 Va. App. 317, 322, 357 S.E.2d 738, 740 (1987).

Although mere proximity to drugs is insufficient to establish possession, it is a circumstance that may be probative in determining whether an accused possessed such drugs. Lane v. Commonwealth, 223 Va. 713, 716, 292 S.E.2d 358, 360 (1982) (citations omitted). "Ownership or occupancy of the vehicle in which the drugs are found is likewise a circumstance probative of possession." Glasco v. Commonwealth, 26 Va. App. 763, 774, 497 S.E.2d 150, 155 (1998) (citations omitted), aff'd, 257 Va. 433, 513 S.E.2d 137 (1999). Thus, in resolving this issue, we must consider "the totality of the circumstances disclosed by the evidence." Womack v. Commonwealth, 220 Va. 5, 8, 255 S.E.2d 351, 353 (1979).

-

Proof by circumstantial evidence "'is not sufficient . . . if it engenders only a suspicion or even a probability of guilt.'" Littlejohn v. Commonwealth, 24 Va. App. 401, 414, 482 S.E.2d 853, 859 (1997) (quoting Hyde v. Commonwealth, 217 Va. 950, 955, 234 S.E.2d 74, 78 (1977)).  "'"[A]ll necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence."'"  Betancourt v. Commonwealth, 26 Va. App. 363, 373, 494 S.E.2d 873, 878 (1998) (quoting Stover v. Commonwealth, 222 Va. 618, 623, 283 S.E.2d 194, 196 (1981) (citation omitted)).  "When, from the circumstantial evidence, 'it is just as likely, if not more likely,' that a 'reasonable hypothesis of innocence' explains the accused's conduct, the evidence cannot be said to rise to the level of proof beyond a reasonable doubt."  Littlejohn, 24 Va. App. at 414, 482 S.E.2d at 859 (quoting Haywood v. Commonwealth, 20 Va. App. 562, 567-68, 458 S.E.2d 606, 609 (1995)).  The Commonwealth need not "'exclude every possible theory or surmise,'" but it must exclude those hypotheses "'which flow from the evidence itself.'" Cantrell v. Commonwealth, 7 Va. App. 269, 289-90, 373 S.E.2d 328, 338-39 (1988) (citation omitted).

Here, appellant was in close proximity to the drugs and was clearly the owner and sole occupant of the "work truck."  While the drugs were in "plain view" to the police officer, who is trained in the recognition of drugs, the drugs were described as "crumbs" and the larger piece was described as being "about the

-

size of a piece of rice."  There was no evidence appellant even saw the cocaine, knew it was present, or exercised dominion and control over it.  There was no evidence that appellant was nervous, fidgety, or made furtive gestures.  Appellant made no statements indicating he was aware of the presence and character of the drugs.  The fact that appellant was in an area in which "drug related arrests" were made does not indicate possession of drugs.  Decent, law-abiding citizens live in "high crime areas" along with those involved with illegal drugs.  There is no evidence appellant engaged in any illegal drug activity while in the area.

The evidence proved the registration of the truck had not yet been transferred to appellant on DMV's records.  While the evidence established appellant had the truck for three weeks, it is unknown whether appellant only drove the truck to and from work or also during the workday.  It also is unknown how many times appellant actually had possession of the truck within the three weeks.  A hypothesis that someone else placed the drugs in the seat without appellant's knowledge is as consistent with the facts as appellant's guilt.  See Jones v. Commonwealth, 17 Va. App. 572, 574, 439 S.E.2d 863, 864 (1994) (small pieces of cocaine in plain view in accessory tray on vehicle console not sufficient to establish possession by passenger).

-

The facts establish no more than a mere suspicion that appellant possessed the drugs.  We, therefore, find the evidence insufficient to support the conviction.

For these reasons, we reverse the judgment of the trial court and dismiss.

<u>Reversed and dismissed.</u>