COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Clements and Agee
Argued at Richmond, Virginia


REGINA BROWN

MEMORANDUM OPINION[*] BY
v.    Record No. 2875-00-2            JUDGE G. STEVEN AGEE
                                          JANUARY 22, 2002
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
James B. Wilkinson, Judge

Craig W. Stallard, Assistant Public Defender
(Patricia P. Nagel, Assistant Public
Defender; Office of the Public Defender, on
brief) for appellant.

Steven A. Witmer, Assistant Attorney General
(Randolph A. Beales, Attorney General, on
brief), for appellee.


Regina Brown (Brown) was convicted, after a bench trial, of

one count of possession of cocaine, in violation of Code

§ 18.2-250. She was sentenced to serve seven months

incarceration. On appeal, Brown contends that the trial court

erred in finding the evidence sufficient to establish that she

possessed the drugs. For the following reasons, we agree and

reverse her conviction.

---

    * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

BACKGROUND

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, only those facts necessary to a disposition of this appeal are recited.

On May 30, 2000, at approximately 2:50 a.m., Officer Carter of the Richmond Police Department observed Brown, the sole occupant of the vehicle she was driving, park a car in front of an apartment building. The car's back license plate hung by one screw. Suspicious, Officer Carter "ran the tags" and discovered the license plate was registered to another vehicle.

When Brown returned to the car alone two minutes later, Officer Carter detained her and asked for her driver's license. A second officer arrived at the scene to assist Officer Carter. The second officer walked around the car, looking inside. Officer Carter asked if Brown had anything illegal in the car and requested permission to perform a search. Brown consented to a search of the car.

After the consent was given, the second officer informed Officer Carter that he had noticed a short metal pipe and stem in the ashtray as he peered inside the vehicle. Officer Carter then found the pipe and stem in the open ashtray which was in the middle of the car's console. Laboratory analysis of the pipe found cocaine residue.

No evidence was introduced to establish the ownership of the vehicle Brown occupied or the license plate attached to the vehicle.  Other than the observation by Officer Carter when Brown parked the vehicle, there was no evidence as to the period of time Brown was in possession of the vehicle.  Officer Carter testified he did not see Brown make any movement towards the center of the console during the brief time he observed her.  There was no direct evidence that Brown was cognizant of the metal pipe or its contents.

## ANALYSIS

> Where the sufficiency of the evidence is challenged after conviction, it is our duty to consider it in the light most favorable to the Commonwealth and give it all reasonable inferences fairly deducible therefrom.  We should affirm the judgment unless it appears from the evidence that the judgment is plainly wrong or without evidence to support it.

Higginbotham v. Commonwealth, 216 Va. 349, 352, 218 S.E.2d 534, 537 (1975) (citation omitted).

"In order to convict a defendant of 'possession' of a narcotic drug . . . it generally is necessary to show that defendant was aware of the presence and character of the particular substance and was intentionally and consciously in possession of it."  Ritter v. Commonwealth, 210 Va. 732, 741, 173 S.E.2d 799, 805 (1970).

> [P]ossession of a controlled substance may be actual or constructive.  See Archer [v. Commonwealth], 225 Va. [416,] 418, 303

- 3 -

S.E.2d [863,] 863 [(1983)]. "To support a conviction based upon constructive possession, 'the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and character of the substance and that it was subject to his dominion and control.'" Drew v. Commonwealth, 230 Va. 471, 473, 338 S.E.2d 844, 845 (1986) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984)); see Eckhart v. Commonwealth, 222 Va. 447, 450, 281 S.E.2d 853, 855 (1981).

McGee v. Commonwealth, 4 Va. App. 317, 322, 357 S.E.2d 738, 740 (1987). The Commonwealth argues that Brown's sole occupancy of the car at the time of seizure proved Brown had knowledge of the drugs in the vehicle, which were in plain view, and that they were subject to her dominion and control. We disagree.

"Proof of constructive possession necessarily rests on circumstantial evidence; thus, '"all necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence."'" Burchette v. Commonwealth, 15 Va. App. 432, 434, 425 S.E.2d 81, 83 (1992) (citations omitted). While it is a circumstance that may be probative in determining whether an accused possessed such drugs, mere proximity to contraband is insufficient to establish possession. Lane v. Commonwealth, 223 Va. 713, 716, 292 S.E.2d 358, 360 (1982). Likewise, "[o]wnership or occupancy of the vehicle in which the drugs are found is . . . [simply] a circumstance probative of possession."

- 4 -

Glasco v. Commonwealth, 26 Va. App. 763, 774, 497 S.E.2d 150, 155 (1998) (citations omitted), aff'd, 257 Va. 433, 513 S.E.2d 137 (1999). Thus, we must consider "the totality of the circumstances disclosed by the evidence." Womack v. Commonwealth, 220 Va. 5, 8, 255 S.E.2d 351, 353 (1979).

Proof by circumstantial evidence "'is not sufficient . . . if it engenders only a suspicion or even a probability of guilt.'" Littlejohn v. Commonwealth, 24 Va. App. 401, 414, 482 S.E.2d 853, 859 (1997) (quoting Hyde v. Commonwealth, 217 Va. 950, 955, 234 S.E.2d 74, 78 (1977)). "'"[A]ll necessary circumstances proved must be consistent with guilt and inconsistent with innocence and exclude every reasonable hypothesis of innocence."'" Betancourt v. Commonwealth, 26 Va. App. 363, 373, 494 S.E.2d 873, 878 (1998) (quoting Stover v. Commonwealth, 222 Va. 618, 623, 283 S.E.2d 194, 196 (1981) (citation omitted)). "When, from the circumstantial evidence, 'it is just as likely, if not more likely,' that a 'reasonable hypothesis of innocence' explains the accused's conduct, the evidence cannot be said to rise to the level of proof beyond a reasonable doubt." Littlejohn, 24 Va. App. at 414, 482 S.E.2d at 859 (quoting Haywood v. Commonwealth, 20 Va. App. 562, 567-68, 458 S.E.2d 606, 609 (1995)). The Commonwealth need not "'exclude every possible theory or surmise,'" but it must exclude those hypotheses "'which flow from the evidence

- 5 -

itself.'" Cantrell v. Commonwealth, 7 Va. App. 269, 289-90, 373 S.E.2d 328, 338-39 (1988) (citation omitted).

Here, the facts establish no more than a mere suspicion that Brown possessed the drugs. While Brown was in close proximity to the drugs and was the sole occupant of the vehicle, there is no evidence that she used the pipe or the drugs, or that she knew of their presence. There is no evidence Brown ever saw the pipe or the cocaine remnants or exercised dominion and control over them. There was no evidence that Brown was nervous, fidgety, or made furtive gestures toward the contraband. She made no statements indicating she was aware of the presence and character of the drugs or the metal pipe.

The evidence proved the loose license plate was registered to another vehicle, but no evidence established the ownership of the license plate. There was no evidence Brown owned the car or how long she had been driving it. No evidence established that she drove the car on a regular basis or whether she had ever driven it before. A hypothesis that someone else used the drugs in the car and left the remnants in the ashtray without Brown's knowledge is as consistent with the facts as her guilt. See Jones v. Commonwealth, 17 Va. App. 572, 574, 439 S.E.2d 863, 864 (1994).

The Commonwealth's evidence failed to prove acts or conduct from which the trial court could infer beyond a reasonable doubt that Brown knowingly and intentionally possessed the items found

- 6 -

in the ashtray of the car she was driving.  As we held in Burchette, "[this] evidence simply does not exclude the very real possibility that . . . someone other than [Brown] used or had access to the vehicle and had left the drugs there unbeknownst to [her]. . . .  The evidence does not exclude every reasonable hypothesis of innocence."  15 Va. App. at 438, 425 S.E.2d at 85.

The Commonwealth failed to carry its burden of proof as to the fundamental elements of knowledge and possession.  We, therefore, reverse the conviction and enter final judgment dismissing the indictment.

Reversed and dismissed.