BENTON, J.,
dissenting.
I would reverse both convictions. I join in the part of Judge Elder’s dissenting opinion that “would hold the evidence as found by the trial court was insufficient to prove Kelly imported narcotics into Virginia in violation of Code § 18.2-248.01.” For the reasons that follow, I would also hold the evidence was insufficient to prove Kelly possessed the marijuana in violation of Code § 18.2-248.1.
*264 This conviction was based on circumstantial evidence of constructive possession. To prove that an accused constructively possessed a controlled substance, “the Commonwealth must point to evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the substance and that it was subject to his dominion and control.” Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E.2d 739, 740 (1984).
[W]ell established principles apply to testing the sufficiency of circumstantial evidence....
“[I]f the proof relied upon by the Commonwealth is wholly circumstantial, as it here is, then to establish guilt beyond a reasonable doubt all necessary circumstances proved must be consistent with guilt and inconsistent with innocence. They must overcome the presumption of innocence and exclude all reasonable conclusions inconsistent with that of guilt. To accomplish that, the chain of necessary circumstances must be unbroken and the evidence as a whole must satisfy the guarded judgment that both the corpus delicti and the criminal agency of the accused have been proved to the exclusion of any other rational hypothesis and to a moral certainty.”
But, circumstances of suspicion, no matter how grave or strong, are not proof of guilt sufficient to support a verdict of guilty. The actual commission of the crime by the accused must be shown by evidence beyond a reasonable doubt to sustain his conviction.
Clodfelter v. Commonwealth, 218 Va. 619, 623, 238 S.E.2d 820, 822 (1977) (citations omitted).
Although Kelly was in close proximity to the marijuana, he was no closer to it than his passenger. “Although both men were riding in the automobile, no evidence or rule of law compels a finding that a person who shares an automobile with another necessarily knows that the other person has contraband or also shares possession of contraband that the other person has in the automobile.” Scruggs v. Commonwealth, 19 *265 Va.App. 58, 62, 448 S.E.2d 668, 665 (1994). See also Crisman v. Commonwealth, 197 Va. 17, 20-21, 87 S.E.2d 796, 798-99 (1955) (occupants of an automobile not presumed to know that a small amount of white powder on the floor was heroin); Jones v. Commonwealth, 17 Va.App. 572, 573, 439 S.E.2d 863, 864 (1994) (occupant of automobile not presumed to have awareness of presence and character of small pieces of cocaine on tray between occupant and driver). Furthermore, Code § 18.2-250 could not be clearer: “Upon the prosecution of a person [for possession of a controlled substance], ownership or occupancy of ... [a] vehicle upon or in which a controlled substance was found shall not create a presumption that such person either knowingly or intentionally possessed such controlled substance.” The opaque duffel bag in the rear compartment of the vehicle was not proved to be Kelly’s. Indeed, the evidence is equally consistent with the conclusion that the duffel bag belonged solely to Kelly’s passenger.
The police officer testified that during the road-side interrogation Kelly denied he had drugs or guns in the vehicle. Despite Kelly’s denial, the officer searched the vehicle because he believed he detected the smell of “a sweet deodorizer, and ... [the] smell [of] burnt marijuana ... and a greenish tinge of marijuana ... from outside the car.” No evidence, however, established that Kelly knew or should have known that the odor, which the officer said he detected, indicated the bag contained marijuana. The officer’s interrogation about the marijuana obviously put Kelly on notice that the officer suspected its presence.
Furthermore, the evidence contains innocent explanations for Kelly’s surprised reaction to the cocaine accusation, for his statement at the police station concerning the marijuana, and for his denial that the marijuana was his. The officer testified that, before he searched the vehicle, he “advised ... Kelly that [he] smelled marijuana in the car and ... was going to check the vehicle.” After seizing the bag, the officer “thought ... [it] might have [contained] cocaine and marijuana.” The evidence proved Kelly expressed surprise when the officer told him he was “under arrest for trafficking cocaine.” That *266 expression of surprise is consistent with Kelly’s disbelief that cocaine was in the vehicle and with incredulity that some other unlawful substance existed when the officer had said he smelled marijuana.
The officer’s testimony about the events following the arrest did not prove beyond a reasonable doubt Kelly knew marijuana was in the duffel bag in the rear compartment of the vehicle he was driving. He described those events as follows:
A: Mr. Kelly and Mr. Knight were separated and they were put in the task force office in another room where they couldn’t see us and they were being watched at a desk in the office.
Q: Were they separated from one another?
A: They were separated from one another and from the contraband.
Q: They were not in that same room?
A: That’s correct, they were not.
Q: Was there any further conversation with the defendant, Mr. Kelly?
A: He sat there in the open room of the stuff. I started taking the items out and placed them on the table to see what they were and kind of walked back and forth between Mr. Kelly and the other room and observed what was going on. Mr. Kelly just blurted out, he said, Man, that ain’t my weed.
Q: Had you said anything to him about weed?
A: Not as of yet. I didn’t know it was marijuana until we took it out and started cutting it open.
Q: Was he in a position to be able to see the “weed”?
A: No, sir.
Q: So had he been questioned about marijuana?
A: Yes.
In view of the officer’s testimony that he told Kelly he would search the vehicle because he smelled marijuana and that he interrogated Kelly at the road-side about marijuana, Kelly could have reasonably concluded that the bag the officer *267 seized contained marijuana. Thus, the evidence provides ample bases for Kelly to believe the officers found marijuana and to preemptively declare the marijuana was not his. In short, the evidence does not support an inference that Kelly knew marijuana was in the vehicle before the officer stopped him.
This evidence proved only suspicious circumstances arising from Kelly’s proximity to the duffel bag. Inferences that are drawn from these suspicious circumstances alone are not sufficient to prove knowing possession of a controlled substance. No evidence proved Kelly knew the controlled substances were in the bag before the officer opened it and arrested him. “Evidence merely that the accused was in the proximity of controlled substances is insufficient ... to prove that the accused was aware of the presence and character of a controlled substance.” Jones, 17 Va.App. at 574, 439 S.E.2d at 864.
Even if it is probable that the marijuana belonged to Kelly, probability of guilt is insufficient to warrant a criminal conviction. Crisman, 197 Va. at 21, 87 S.E.2d at 799. Because “evidence must establish the guilt of an accused beyond a reasonable doubt ... [,] guilt ... is not to be inferred because the facts are consistent with his guilt, but they must be inconsistent with his innocence.” Cameron v. Commonwealth, 211 Va. 108, 110-11, 175 S.E.2d 275, 276 (1970). Suspicious circumstances “ ‘no matter how grave or strong, are not proof of guilt sufficient to support a verdict of guilty. The actual commission of the crime by the accused must be shown by evidence beyond a reasonable doubt to sustain his conviction.’” Crisman, 197 Va. at 21, 87 S.E.2d at 799 (quoting Powers v. Commonwealth, 182 Va. 669, 676, 30 S.E.2d 22, 25 (1944)).
For these reasons, I would reverse both convictions.