COURT OF APPEALS OF VIRGINIA

Present: Judges Humphreys, O'Brien and AtLee
Argued at Norfolk, Virginia

UNPUBLISHED

TROY JAMES HYPOLITE

v.      Record No. 0692-18-1

COMMONWEALTH OF VIRGINIA

MEMORANDUM OPINION* BY
JUDGE MARY GRACE O'BRIEN
JULY 16, 2019

FROM THE CIRCUIT COURT OF THE CITY OF CHESAPEAKE
Frederick B. Lowe, Judge

William Joshua Holder, Assistant Public Defender, for appellant.

Lauren C. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.

Troy James Hypolite ("appellant") was convicted in a bench trial of possessing cocaine with

intent to distribute, in violation of Code § 18.2-248. On appeal, he asserts that the court erred in

denying his motion to strike the charge "because there was no evidence that [he] knew of the

presence, character[,] and nature of the drugs."

BACKGROUND

On April 28, 2017, Officer Barret Ring of the Chesapeake Police Department stopped a car

for disregarding a stop sign. Two men were in the vehicle: the driver and appellant, who was in the

passenger seat. The car was registered to a woman who was not present.

When Officer Ring approached the car, he saw appellant "reaching to the right of his seat"

near the door. He did not see appellant's hands, only his upper torso. Officer Ring spoke with

appellant and noticed that he was exceedingly nervous.

--------

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Officer Ring had appellant get out of the car. The officer saw a pill on the passenger seat, which was later determined to contain Oxycodone, a Schedule II controlled substance. Appellant told the officer that he had a prescription for the narcotic due to a previous injury.

Officer N. King of the Chesapeake Police Department arrived to assist with the traffic stop. Officer King searched the vehicle for a prescription or a prescription bottle for the Oxycodone. He found neither. As Officer King was searching, Officer Ring saw a small bag of marijuana between the center console and the passenger seat.[1]

Officer King also found a plastic sandwich bag "along the right side of the passenger's seat and up under the seat." He pulled the bag out and saw it was empty. He found another empty plastic bag under the seat. Then, in the same location, Officer King discovered a third plastic bag containing "several individually wrapped baggies of suspected cocaine." Forensic analysis confirmed that the seized substances were cocaine, and an expert witness testified that the amount and packaging of the drugs were inconsistent with personal use. Apart from denying ownership, appellant made no statement concerning the cocaine.

At the conclusion of the Commonwealth's case, appellant moved to strike the charges of cocaine possession with intent to distribute and Oxycodone possession. The court denied his motion. Testifying in his defense, appellant stated that his friend had picked him up "[a]bout an hour" before the traffic stop to go to the "oceanfront for [b]each [w]eekend." Appellant testified that he did not look around the car when he got in; he simply sat down. He denied knowing that there was cocaine in the car and also denied that he had reached to the right, toward the area where the cocaine was found. Appellant testified that a doctor had given him the Oxycodone prescription. He acknowledged that he had a prior felony conviction.

---

[1] Appellant was not charged with possession of the marijuana.

Appellant renewed his motion to strike at the close of all the evidence. The court dismissed the Oxycodone charge, stating "I'm going to take him at his word. . . . [H]e probably did get it from some kind of a prescription." However, the court found appellant guilty of possession of cocaine with the intent to distribute.

DISCUSSION

On appeal, we view the evidence, including "any reasonable and justified inferences the fact-finder may have drawn from the facts proved," in the light most favorable to the Commonwealth, the prevailing party at trial. Sullivan v. Commonwealth, 280 Va. 672, 676 (2010). The issue on appeal is "whether the record contains evidence from which any 'rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" Young v. Commonwealth, 275 Va. 587, 591 (2008) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

Code § 18.2-248(A) makes it "unlawful for any person to manufacture, sell, give, distribute, or possess with intent to manufacture, sell, give or distribute a controlled substance or an imitation controlled substance." To convict appellant of cocaine possession with intent to distribute, the Commonwealth "had to prove beyond a reasonable doubt that [appellant] was aware of the presence and character of the drug and that he consciously possessed it." Jordan v. Commonwealth, 273 Va. 639, 645 (2007).

Possession of a controlled substance may be actual or constructive. See Walton v. Commonwealth, 255 Va. 422, 426 (1998). "Constructive possession may be established when there are 'acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the [accused] was aware of both the presence and character of the substance and that it was subject to his dominion and control.'" Id. (alteration in original) (quoting Drew v. Commonwealth, 230 Va. 471, 473 (1986)). "Proof of constructive possession necessarily rests on circumstantial evidence; thus, 'all necessary circumstances proved must be consistent with guilt and inconsistent

with innocence and exclude every reasonable hypothesis of innocence.'" Burchette v. Commonwealth, 15 Va. App. 432, 434 (1992) (quoting Garland v. Commonwealth, 225 Va. 182, 184 (1983)).

The Commonwealth contends that because Officer Ring saw appellant leaning toward the right side of the car and the cocaine was found under the passenger seat where he was sitting, it was reasonable for the court to conclude that appellant was concealing the drugs as the officer approached the car. However, despite our deferential standard of review, we must reverse appellant's conviction for possession of cocaine with the intent to distribute.

The Commonwealth's evidence of knowing possession of a controlled substance consisted of testimony concerning appellant's movement as the officer approached, appellant's proximity to the drugs found underneath his seat, and his nervous demeanor. While these circumstances may give rise to a suspicion of guilt, they are insufficient to establish beyond a reasonable doubt that appellant knowingly and intentionally possessed cocaine. See Cordon v. Commonwealth, 280 Va. 691, 696 (2010) (reversing conviction for cocaine possession where "the circumstantial evidence . . . may be sufficient to raise a suspicion of guilt, [but] cannot support a conclusion beyond a reasonable doubt").

Although a controlled substance may be within a defendant's reach, "mere proximity to an illicit drug . . . is not sufficient to prove possession." Walton, 255 Va. at 426. The Commonwealth also must prove that the defendant knew the drug was there. See Coward v. Commonwealth, 48 Va. App. 653, 656, 659-60 (2006) (reversing a passenger's conviction for cocaine possession based on his proximity to drugs found on the center console of a car stopped for a traffic violation at night, when a police officer illuminated the interior of the car for a "quick scan"). Absent evidence showing that an occupant of a vehicle where drugs were found was aware of their presence and

character, a conviction for drug possession must be reversed. See Jones v. Commonwealth, 17 Va. App. 572, 574 (1994).

In Jones, a police officer received a complaint that two men were sitting in a car, smoking cocaine out of a can. Id. at 573. When the officer approached the car, he saw approximately five small rocks of cocaine on a tray between the driver's seat and the passenger seat where the defendant was sitting. Id. A soda can which had been "altered to be used for smoking crack cocaine" was located under the passenger seat. Id. Cocaine residue was found on the can. Id.

Despite the fact that cocaine was in plain view and the modified soda can was beneath the defendant's passenger seat, we concluded the evidence was insufficient to establish that the defendant knowingly and intentionally possessed cocaine:

> No evidence established how long Jones had been in the automobile or that Jones was the person in the automobile when the police received the report. Likewise, no evidence proved that Jones saw the small pieces of cocaine among the other items on the accessory tray on the console or that he recognized the items to be cocaine. The evidence also failed to prove that Jones knew the can with cocaine residue was under the seat where Jones sat.

Id. at 574. Reversing the conviction, we stated, "Evidence merely that the accused was in the proximity of controlled substances is insufficient . . . to prove that the accused was aware of the presence and character of a controlled substance." Id.

Here, although appellant testified that he had been in the car for about an hour, no evidence showed that he was "aware of both the presence and character" of the cocaine or that it was "subject to his dominion and control." Walton, 255 Va. at 426. The car did not belong to appellant or the driver; it was registered to another person who was not present. The cocaine was found underneath the passenger seat where appellant was sitting, located in a plastic bag behind two other plastic bags. Appellant disavowed knowledge of the cocaine but conceded possession of the Oxycodone pill found on his seat. Although Officer Ring testified that he noticed appellant leaning to the right as he

approached the vehicle, he could only see appellant's torso, not his hands. While these circumstances may raise a suspicion of guilt, they were insufficient to prove knowing and intentional possession beyond a reasonable doubt. See Cordon, 280 Va. at 696.

Further, we disagree with the Commonwealth's argument that appellant's nervousness during the police encounter was circumstantial evidence of constructive possession. The Commonwealth failed to exclude a reasonable hypothesis of innocence related to this circumstantial evidence. See Burchette, 15 Va. App. at 432. No evidence linked appellant's nervousness to an awareness of cocaine beneath the passenger seat. There was no evidence that his nervousness was not due to his possession of a Schedule II controlled substance without being able to produce the prescription for the police officers.

Considering all of the circumstances, we conclude the Commonwealth failed to prove that appellant knowingly and intentionally possessed cocaine, but merely established that he was in close proximity to the drug. Therefore, the evidence was insufficient to prove possession with intent to distribute under Code § 18.2-248, and we reverse his conviction.

Reversed and dismissed.